**STATE of Missouri ex rel. ALGONQUIN GOLF CLUB, a Corporation, Relator,**

**v.**

**James A. LEWIS, Charles M. Harrold, Jr., J. Buchner Morse, Arthur W. Green, Jr., and Robert D. Evans, the Members of the Board of Adjustment of the City of Webster Groves, Missouri, Respondents,**

**and**

**L. Joseph Mulligan, Jr., et al., Proposed Intervenors, Respondents-Appellants.**

**No. 31992.**

St. Louis Court of Appeals.

Missouri.

Oct. 19, 1965.

Jackson F. Adams, Clayton, Charles E. Gray, J. Terrell Vaughan, St. Louis, for relator.

H. Jackson Daniel, St. Louis, for respondents.

Susman, Willer, Rimmel & Elbert, Harold I. Elbert, St. Louis, for proposed intervenors-respondents-appellants.

BROADDUS, Special Commissioner.

This appeal is from a judgment denying appellants the right to intervene as parties respondent in a certiorari proceeding brought by relator to have a decision of the Board of Adjustment of the City of Webster Groves, denying it a permit to erect a parking lot, set aside.

Relator, Algonquin Golf Club, is located at 340 North Berry Road, Glendale, Mis-

souri. Of its 85 to 90 acres of land, approximately 50 acres are within the corporate limits of Webster Groves and 40 acres are in the City of Glendale. On December 10, 1962, the Club applied to the Board of Adjustment of the City of Webster Groves to construct a parking facility on property known as 30 Algonquin Lane, in the City of Webster Groves. The Building Commissioner of Webster Groves denied the application for a permit and Algonquin Golf Club appealed to the Board of Adjustment of that city.

A hearing was held before the Board on January 28, 1963. At that hearing Mr. Carroll J. Donohue, an attorney, appeared on behalf of the residents opposed to the construction of the parking facility. And Mr. Thomas J. Diviney, one of the appellants, testified that "his premises are directly opposite the property under consideration." On the same date the application for construction of a parking lot was denied.

Thereafter, on February 23, 1963, this proceeding was filed. In its petition Relator asserts that the right to construct a parking facility on the property in question is an accessory use within the meaning of the Webster Groves Zoning Ordinance. The minutes of the hearing before the Board of Adjustment show that this dispute involves the interpretation of the zoning ordinance in that Relator claims that the parking facility to be located at 30 Algonquin Lane is part of the same premises as the Golf Club, and that the residents of the area claimed and the Board held that it was not a part of the same premises because it was separated from the Golf Club by Algonquin Lane, a private street.

In their Motion to Intervene filed on March 7, 1963, appellants alleged that:

"2. Applicants state that they have a substantial interest in the pending action in that they are the owners and occupants of property in the immediate neighborhood of the tract for which the said permit was sought; that the real properties of Inter-

venors Mulligan and Noble are adjacent and abut upon the real property of relator; the real property of Intervenor Diviney is situated immediately across Berry Road from the real property of relator and the real property of the remaining Intervenors is in the immediate neighborhood of the property of relator; that the issuance of a permit as requested by relator herein would adversely affect the property values of applicants and the general welfare of the applicants, and that thereby said applicants have a very substantial interest in the subject matter of this cause.

"3. Applicants state that the representation of their interest by the named respondents, the members of the Board of Adjustment of the City of Webster Groves, may be inadequate and applicants will be, or may be, bound by a judgment in this action."

The Circuit Court denied the Motion and this appeal followed.

Civil Rule 52.11(a), V.A.M.R. gives an applicant an *absolute* right to intervene "when the representation" of his "interest by existing parties is or may be inadequate" and he "is or may be bound by a judgment in the action." State ex rel. Aubuchon v. Jones, an opinion by this court, Mo.App., 389 S.W.2d 854.

Civil Rule 52.11 is substantially the same as F.R.Civ.P. 24. The Federal Courts in construing Rule 24 hold that the allegations of the motion to intervene are taken as true in the absence of sham, frivolity and other similar objections. Clark v. Sandusky, 7 Cir., 205 F.2d 915; Otis Elevator Co. v. Standard Construction Co., D.C., 10 F.R.D. 404.

In this instance, appellants will be bound by the decision of the court. If Relator obtains a permit to construct a parking facility, appellants will have no further recourse to the courts. They will have had no opportunity to participate in the determination of the circuit court. Two of the appellants will live next door to a parking

lot and one will live across the street from it. They certainly have a direct interest in the decision of the court and they may be aggrieved by it.

Both the statute (Sec. 89.110 V.A.M.S.) and the ordinance of the City of Webster Groves authorize any person or persons "aggrieved" by any decision of the Board of Adjustment to file a verified petition for writ of certiorari to the circuit court. By reason of the trial court's refusal to allow their motion appellants now find themselves in the peculiar position of being deprived of the right to intervene in an effort to uphold the decision of the Board of Adjustment, when if the Board had decided against them, they would have had an absolute right to sue out a writ of certiorari to challenge the Board's decision.

In several cases adjoining property owners and property owners in the area have been held to be "aggrieved" parties. The theory of the cases holding that adjoining property owners are aggrieved persons within the meaning of the zoning statutes and ordinances is that such persons have an interest in the matter and that they are bound by the decision of the Board of Adjustment or the Courts. State ex rel. Housing Authority of St. Louis County v. Wind, Mo.App., 337 S.W.2d 554; Hernreich v. Quinn, 350 Mo. 770, 168 S.W.2d 1054; Berard v. Board of Adjustment of City of St. Louis, Mo.App., 138 S.W.2d 731.

In State ex rel. Housing Authority of St. Louis County v. Wind, supra, permits to erect certain buildings were granted by the Director of Public Works of St. Louis County. Tomich and Nothum, two property owners in the area, appealed to the Board of Adjustment which revoked the permits. Thereafter, the applicants for the permits applied to the Circuit Court of St. Louis County for a writ of certiorari directed to the Board of Adjustment of St. Louis County. Nothum and Tomich were permitted to intervene in the Circuit Court, which reversed the decision of the Board of Adjustment. Thereafter, Tomich and

Nothum appealed to the Court of Appeals. On appeal respondents claimed that Nothum and Tomich were not aggrieved parties within the meaning of that part of the zoning ordinance relating to the Board of Adjustment. This Court rejected that contention in the following language (337 S.W.2d 554, l. c. 558):

" * * * Here there was evidence that the property belonging to appellant Nothum was directly across the street, and less than 100 feet, from the tract belonging to the Housing Authority. The proximity of his property *to that where the alleged violation was to occur was sufficient to constitute him an aggrieved party.* Kellog v. Joint Council of Women's Auxiliaries Welfare Ass'n. [Mo., 265 S.W.2d 374], supra; Hernreich v. Quinn, 350 Mo. 770, 168 S.W.2d 1054. Furthermore, this is not a suit to enjoin a violation of a zoning ordinance, but a proceeding under the zoning ordinances to protest the issuance of a building permit allegedly in violation thereof. * * * " (Emphasis added.)

The case of Wolpe v. Poretsky, 79 U.S. App.D.C. 141, 144 F.2d 505 (1944) is directly in point. In that case an action was brought against a Zoning Commission to declare a zoning ordinance relating to a certain tract of land invalid. The trial court declared that the ordinance was invalid and the Zoning Commission voted not to appeal. Thereafter, the proposed intervenors sought to intervene under Rule 24 (a) of the Federal Rules of Civil Procedure which is identical with Civil Rule 52.11(a). The Court held that intervention should have been granted even though the case had been tried. This because the property owners who sought to intervene had an interest in upholding the zoning ordinance and because the action of the Zoning Commission in voting not to appeal made the representation of the property owners inadequate. The Court said (144 F.2d 505, l. c. 508):

" * * * Here at least one of the rights which cannot be protected without inter-

vention is the right of appeal. The court was, therefore, in error in denying appellants leave to intervene as a matter of right. * * * Adjoining property owners in a suit to vacate a zoning order have such a *vital interest* in the result of that suit that they should be granted permission to intervene as a matter of course unless compelling reasons against such intervention are shown." (Emphasis added.)

The judgment should be reversed. Your Special Commissioner so recommends.

PER CURIAM:

The foregoing opinion by BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court, and the judgment is reversed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.