**Donald L. TWEDELL, Plaintiff-Appellant,**

v.

**TOWN OF NORMANDY, a Municipal Corporation, and Arnold L. Totter, Edward L. Georgen, Harold L. Bruns, Remo Baldi and Ottis Newman, Trustees of the Town of Normandy, Defendants-Respondents.**

No. 39512.

Missouri Court of Appeals, Eastern District, Division 2.

April 17, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 18, 1979.

Application to Transfer Denied June 19, 1979.

---

Sheldon K. Stock, Robert W. Copeland, Stefan J. Glynias, Brackman, Copeland, Oetting, Copeland, Walther & Schmidt, Clayton, for plaintiff-appellant.

Roy W. Bergmann, Fred Boeckmann, Clayton, for defendants-respondents.

STEPHAN, Presiding Judge.

This is an appeal by Donald L. Twedell from a circuit court order dissolving an injunction, originally entered in 1953, whereby the Town of Normandy in St. Louis County had been enjoined from taxing or otherwise exercising municipal control over Twedell's property.

In March 1950, the trustees of Normandy, purportedly following the then prescribed annexation procedures, filed a petition in the County Court of St. Louis County asking that the boundaries of the town be extended to include the Twedell property, an unincorporated and unplatted tract of some eleven to twelve acres contiguous to Normandy. On May 26, 1950, the County Court issued its order approving such annexation, and pursuant to that order Normandy levied taxes and imposed unspecified municipal restrictions on the Twedell property in the years 1950 through 1953. In February 1953, Twedell filed a petition for injunction in the Circuit Court of St. Louis County, asking the court to declare the annexation illegal and void and to enjoin the defendant Town of Normandy and its trustees from exercising municipal authority over the land in any manner. Twedell claimed that the annexation was accomplished in direct violation of § 80.030, RSMo 1949,[1] which specified the procedures to be followed by a town or village in extending its boundaries, providing, however:

> "that no tract of ten acres or more of any unplatted or unsubdivided land used for farming, gardening, horticultural or dairying purposes shall be included in a town by such extension of boundaries without consent of the owner of such tract."

In November 1953, the circuit court entered its Finding and Decree, finding inter alia, that the property was used "exclusively for farming, gardening and horticultural purposes for the profit and livelihood" of Twedell, both at the time of the proposed annexation in 1950 and at the time of the trial in 1953; and that defendant Town of Normandy had at no time obtained Twedell's consent to such annexation. The court therefore permanently enjoined Normandy and its named trustees and their successors from levying any license or tax on the land

---

1. That section is identical to current § 80.030, RSMo 1969.

or from exercising any municipal control over it "until such time as the use and character of Plaintiff's property shall justify the inclusion of said property within the boundaries of the Defendant, Town of Normandy, according to the Laws of the State of Missouri."

In January 1976, the Town of Normandy and its current trustees filed a motion in the circuit court to modify the 1953 decree, alleging that the "land in question is no longer used for farming, gardening and horticultural purposes, but is now the site of a geriatric medical center and nursing home" and requesting a declaration that Normandy had authority to levy taxes on and exercise control over the land. Twedell's motion to dismiss this motion, on the grounds that the circuit court lacked jurisdiction to modify a permanent injunction of some twenty-three years duration or to grant the relief requested, was overruled. A hearing on Normandy's motion to modify was held; and, on July 7, 1977, the trial court entered an order which reads in part as follows:

"This court finds that Plaintiff's use of his property is now such as to justify its inclusion within the Defendant Town of Normandy, and Defendant is hereby permitted to levy, assess and collect all lawful municipal taxes, to license, and to exercise all lawful municipal authority and control over the Plaintiff's property, both real and personal."

Twedell appeals, claiming that the trial court lacked jurisdiction to modify a permanent injunction that had been in existence for over twenty-three years; that the court misinterpreted the 1953 circuit court decree; and that Normandy did not sustain its burden of proving a substantial change in the use of Twedell's land. For reasons hereinafter set forth, we hold that the trial court had jurisdiction to modify the decree, that its finding as to the use of the land is supported by substantial evidence but is now of no particular import, and that the modification does not effect the annexation of the Twedell property to the Town of Normandy. Accordingly, we reverse.

Twedell's argument to the effect that the trial court had no jurisdiction in 1977 to modify the 1953 decree is bottomed on the general principle that a trial court loses control over judgments thirty days after entry. Rule 75.01. However, that rule and the many cases cited in appellant's brief articulating it do not obtain in the case of a permanent injunction which, as here, is based on a condition subject to change. In such cases, courts must retain jurisdiction to vacate or modify the terms of the injunction in order to avoid unjust or absurd results when a change occurs in the factual setting or the law which gave rise to its existence. See *United States v. Swift & Co.*, 286 U.S. 106, 114, 52 S.Ct. 460, 76 L.Ed. 999 (1932); *Milk Wagon Drivers Union v. Meadowmoor Dairies, Inc.*, 312 U.S. 287, 298, 61 S.Ct. 552, 85 L.Ed. 836 (1941); *Thompson v. Hodge*, 348 S.W.2d 11, 13 (Mo.App.1961); 43A C.J.S. Injunctions §§ 280, 281. In this case, the permanent injunction issued because the court found that the tract of land was of such size, use and character as contemplated by the above quoted provision of § 80.030 and that the owner had not consented to its annexation by the Town of Normandy. Indeed, the decree itself speaks in terms of "permanently" enjoining the town "*until such time* as the use and character of Plaintiff's property shall justify the inclusion of said property within the boundaries of the Defendant, Town of Normandy, according to the Laws of the State of Missouri." (Emphasis added.) Thus, the trial court in 1953 recognized that the reasons which warranted the injunction were not immutable and that annexation at some future date was a possibility.

As noted, in the 1953 case as well as in the hearing on the motion to modify, the principal issue litigated was whether the property in question was used for any of the purposes enumerated in § 80.030—farming, gardening, horticultural or dairying— so as to require for annexation the consent of the owner. Substantial evidence was adduced at the 1977 modification hearing to the effect that a major use of the property

at that time was as a site for a large geriatric center and nursing home as well as two residences and that a relatively small portion of the property (certainly less than ten acres) was occupied by fruit trees and a garden area. However, we need not detail this evidence for the reason that since October 13, 1963, the use to which land is put in St. Louis County does not determine whether the consent of its owner is required in order for a municipality to annex it. Curiously, both parties have ignored or overlooked the fact that on the last mentioned date, §§ 71.860 through 71.920 went into effect and what impact these sections have on this case. These sections, not § 80.030, set forth the procedure for annexation "in any first class county which has adopted a constitutional charter for its own local government," e. g. St. Louis County.[2] No exemptions appear in these sections for tracts of land owned by one who does not consent to annexation. Consequently, Twedell's use of the land in 1977 was irrelevant, and the injunction would properly be vacated because the legal basis for its existence, § 80.030, was no longer applicable.[3]

■ Although Twedell's use of the land is no longer an impediment to annexation, it does not follow that Normandy may now exercise municipal control over the property. Normandy argued in connection with the issue of the trial court's jurisdiction that power to modify the 1953 decree was

retained because that decree ruled in effect that the Twedell tract had in fact been annexed. In support of its position, Normandy cites language from the 1953 findings of the court that the land had been annexed by action of the St. Louis County Court in 1950 and argues that the decree simply stayed the effect of the annexation. We disagree with such an interpretation of the decree which would result in the bizarre and utterly contradictory holding that, between 1953 and 1977, the Twedell tract was part of the Town of Normandy but not subject to municipal control.

Given the posture in which this annexation came before the court in 1953—as an apparently accomplished act—it is not surprising that the court should speak of it in such terms; such was the apparent status of the land until the decree issued. And given the court's obvious recognition, in other portions of the decree of the invalidity of the attempted annexation, it is clear to us that the language relied on by Normandy refers but to the apparent, rather than actual, effect of the annexation procedure. Indeed, the final words of the decree provide that the duration of the injunction would be until the use and character of the land justified its "inclusion . . . within the boundaries" of Normandy. Such an order is the antithesis of a ruling that the land was at that time included within the boundaries of the town.

2. The steps to be taken to effect an annexation such as that contemplated here include a resolution on the part of the governing body of the annexing municipality describing the area sought to be annexed and separate but simultaneous elections in the municipality and the area. If both elections result in a vote favorable to annexation, a Sawyers Act, § 71.015, declaratory judgment must be obtained, unless the necessity for such litigation is obviated by a unanimously affirmative vote in both the municipality and the area to be annexed. Sections 71.860 through 71.920. These sections are the subject of scholarly explication in *City of Kirkwood v. Allen*, 399 S.W.2d 30 (Mo. banc 1966).

3. See *St. Louis County v. Village of Champ*, 438 S.W.2d 205, 213 (Mo. banc 1969) where the following appears concerning the applicability of § 80.030 to St. Louis County after the effective date of §§ 71.860 through 71.920:

"By amending Chapter 71 in 1963 by the addition of new §§ 71.860–920, the legislature made it clear that so far as a village in a home rule charter county is concerned, the matter of extension of the boundaries was no longer to be decided by the county court (which in this case would have meant the St. Louis County Council) on the petition of the village, on the basis of evidence presented, on what the county court deemed 'just and proper' as provided by § 80.030, RSMo 1959, V.A.M.S. Under the new sections, the judicial question is to be decided by a Sawyers Act proceeding under § 71.015, RSMo 1959, V.A.M.S., unless the vote is unanimous in both the village and the annexed area, in which case the municipality need not proceed by declaratory judgment, . . . ."

Although there was substantial evidence to support the trial court's finding that the change in use of the land between 1953 and 1977 removed it from the exemptions provided by § 80.030, the enactment of §§ 71.860 through 71.920 in 1963 deprives that finding of any legal effect. The trial court therefore erred in holding that the Town of Normandy may, by reason of such change, exercise any municipal authority or control over the Twedell property.

Reversed.

STEWART and KELLY, JJ., concur.