STATE of Missouri ex rel., Ronald D. CROUSE and Virginia L. Crouse, et al., Appellants,

v.

The CITY OF SAVANNAH, Missouri et al., Respondents.

No. WD 36549.

Missouri Court of Appeals, Western District.

Aug. 20, 1985.

Mark G. Stingley, Utz, Litvak, Thackery & Taylor, St. Joseph, for appellants.

Ronald R. Holliday, Savannah, for City of Savannah.

Ralph W. Hicks, St. Joseph, for Nigh.

Before CLARK, C.J., and KENNEDY and NUGENT, JJ.

CLARK, Chief Judge.

This appeal arises out of a decision by the Planning Commission of the City of Savannah to grant a conditional use permit to respondent Nigh for operation of a children's day care center. Appellants opposed the permit at the hearing before the planning commission and, being unsuccessful there, commenced suit in the circuit court to review the administrative decision by the commission. On motion by the city the trial court dismissed the petition. The issue on the appeal is whether the appellants alleged a cause of action sufficient to withstand a motion to dismiss. We conclude that they did and therefore reverse.

The facts are minimal and present no dispute. Nigh sought a permit to use a residence structure in Savannah for day care of nine or less children. It is assumed the activity required such a permit and that the planning commission had authority to

issue or deny the permit. A public hearing was conducted at which respondents or their representatives appeared and voiced opposition to the project. The commission voted to grant the permit with certain conditions. Within thirty days thereafter, appellants filed this suit.

It is first noted that appellants' petition was in two counts, the first being for writ of certiorari and the second a proceeding for judicial review of an administrative decision pursuant to Chapter 536, RSMo. 1978.[1] Appellants confess uncertainty as to which form of remedy was appropriate. The decision rendered by the trial judge gives no hint as to why he ruled appellants to have stated no cause of action under either count.

■ There is no basis to doubt that the award of the special use permit to respondent Nigh was an administrative decision. The action of a planning commission which passes on a special use permit application is an administrative decision in the exercise of discretionary power delegated by the city legislative body to enforce special permit regulation. *State ex rel. Manchester Improvement Co. v. City of Winchester*, 400 S.W.2d 47, 48 (Mo.1966). The determining factor as to which mode of review is appropriate, that by petition under § 536.100 or by original writ under § 536.150, is whether the decision was made in a contested case. A contested case involves a proceeding before an administrative agency in which rights are required by law to be determined after hearing. *State ex rel. Wasson v. Schroeder*, 646 S.W.2d 105 (Mo. banc 1983); § 536.-010(2).

In the present case, the record demonstrates that a hearing was held by the Savannah Planning Commission before granting the Nigh permit. In fact, appellants' representatives appeared and stated their case in opposition. Whether the hearing was required, however, seems to be in doubt. Appellants allege in their petition that according to the zoning and planning

1. All statutory citations are to RSMo. 1978.

regulations of the city, the commission did not need to hold a hearing. Those regulations, whatever their source and content, are not a part of the record. Respondents have made no averment regarding a requirement for a planning commission hearing but adopt the position that appellants' lack of standing defeats their cause in either case.

■ In this circumstance, it is not possible to determine which alternate for review will ultimately be found appropriate. Fortuitously, that element is not decisive. As was noted in *State ex rel. Schneider v. Stewart,* 575 S.W.2d 904, 910 (Mo.App. 1978), §§ 536.100 and 536.150 derive from the same constitutional authority requiring that all final administrative decisions which affect private rights shall be subject to direct review by the courts, citing *State ex rel. Leggett v. Jensen,* 318 S.W.2d 353, 357 (Mo. banc 1958).

Cases cited and relied on by respondents, including *City of Eureka v. Litz,* 658 S.W.2d 519 (Mo.App.1983) upon which reliance is principally placed, are cases of judicial review under § 536.100. Respondents contend the trial court properly dismissed the petition because appellants did not allege facts qualifying them as aggrieved persons having standing to maintain the suit. The content of the petition in this regard is therefore pertinent. The petition stated the following:

"2. That each of the aforementioned plaintiffs/petitioners are adjoining, confronting, or nearby property owners of 108 South 9th Street, Savannah, Andrew County, Missouri, which is the property which was the subject of the granting of a Conditional Use Permit by the Savannah Planning Commission on the 16th day of November, 1983."

"3. That each of the plaintiffs/petitioners have been adversely affected by the decision of the Savannah Planning Commission inasmuch as the granting of the Conditional Use Permit to Ralph G. Nigh has created more congestion, noises, car lights and problems of livability in the neighborhood. Furthermore, each of the

plaintiffs/petitioners have had a devaluation in their property values because of the granting of the Conditional Use Permit aforementioned."

The test for aggrievement and, consequently, standing is aptly put in *City of Eureka v. Litz, supra.*

"To qualify as aggrieved persons, plaintiffs must demonstrate a specific and legally cognizable interest in the subject matter of the administrative decision and that the decision will have a direct and substantial impact on that interest. * * * The decision must operate prejudicially and directly upon plaintiffs' personal or property rights or interests and such must be immediate and not merely a possible remote consequence." (Citations omitted).

*Id.* 522.

■ Whether the contestant opposing the administrative decision has standing is a matter for ad hoc determination by the courts under the particular facts of the case. *Stickelber v. Board of Zoning Adjustment,* 442 S.W.2d 134, 136 (Mo.App. 1969); 3 Rathkopf, *The Law of Zoning and Planning,* § 43.04 (4th Ed.1985); *Schweig v. City of St. Louis,* 569 S.W.2d 215, 220 (Mo.App.1978). It is well established that an adjoining, confronting or nearby property owner has standing, without further proof of special damage, to assert the right for review of an administrative decision affecting the property in question. *Allen v. Coffel,* 488 S.W.2d 671, 675 (Mo.App. 1972). *See also State ex rel. Algonquin Golf Club v. Lewis,* 395 S.W.2d 522 (Mo. App.1965); *State ex rel. Housing Authority of St. Louis County v. Wind,* 337 S.W.2d 554 (Mo.App.1960).

■ Accepting respondents' premise that standing to sue is the determinative factor in the case and that it is immaterial whether the cause be one under § 536.100 or for an original writ under § 536.150, appellants have alleged that they are adjoining, confronting or nearby property owners to the tract involved in the special use permit and that they are adversely affected. Under

the case authorities cited, this allegation alone is sufficient to give appellants standing to seek judicial review of the administrative decision.

For want of any other asserted basis to support the dismissal order by the trial court, we necessarily must hold the dismissal to have been in error. On remand, the appellants will be obligated to elect how they proceed whether by petition for administrative review or by original writ, that in turn to depend on whether the decision of the planning commission was in a contested case. It also necessarily follows that this opinion does not speak to the merits of the case as such or to any other deficiencies in pleading or proof apart from the issue of standing.

The judgment is reversed and the case is remanded for further proceedings.

All concur.