**William K. LANDOLT and Jeri F. Landolt, et al., Substitute Plaintiffs–Respondents,**

v.

**GLENDALE SHOOTING CLUB, INC., Defendant–Appellant.**

No. ED 76728.

Missouri Court of Appeals, Eastern District, Division Three.

April 4, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 17, 2000.

Application for Transfer Denied June 27, 2000.

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

Kevin L. Klug, St. Louis, for appellant.

David L. Baylard, Gordon R. Upchurch, Union, for respondents.

LAWRENCE E. MOONEY, Judge.

Glendale Shooting Club, Inc. ("Defendant") appeals the trial court's dismissal of its motion to dissolve a permanent injunc-

tion that was issued against it in 1987, restricting the use of its property as a shooting range. Defendant argues on appeal that the trial court erred in: (1) allowing twenty-two additional plaintiffs ("Intervenors") to intervene in the suit as a matter of right under Rule 52.12(a); (2) refusing to apply Section 537.294 RSMo. (1994), a law enacted after the injunction was issued in this case that grants certain shooting ranges immunity from nuisance actions; (3) refusing to hold an evidentiary hearing on its motion to dissolve the injunction. We reverse and remand.

## FACTS

Defendant owns and operates a shooting range in rural Missouri. Raymond and Veronica Racine were the owners of land adjacent to the shooting range. In 1983, the Racines filed a nuisance action against Defendant due to the level of noise emanating from the shooting range.[1] The trial court issued an injunction against Defendant in 1987, which, while not shutting down the shooting range, substantially limited its operations. Pursuant to the injunction, Defendant was restricted to holding only ten shooting matches per year, with only two in any one month and only one Sunday match per month. Only two of these shooting matches could involve high-power rifles. Shooting of weapons higher than .22 caliber was allowed only during such rifle matches or between 9:00 am and 6:00 pm on Tuesdays, Thursdays and Saturdays, but .22 caliber weapons could be shot anytime between 9:00 am and 6:00 pm. There were also various restrictions placed on the number of persons allowed to shoot at any one time. In *Racine v. Glendale Shooting Club, Inc.,* 755 S.W.2d 369 (Mo.App. E.D.1988), this court affirmed the trial court's award of relief.

In 1988, after the issuance of the injunction, the Missouri legislature enacted Section 537.294, a new statute that in essence grants shooting ranges immunity from nuisance actions. More specifically, Section 537.294 provides that the owner of a firearm range in existence as of the date of enactment "shall not be subject to any action for public or private nuisance or trespass and no court of this state shall enjoin the use or operation of such firearm ranges on the basis of noise or sound emission resulting from the normal use of any such firearm range."

Defendant moved to dissolve the injunction in 1998, claiming that the injunction had been rendered absurd and unjust due to the enactment of Section 537.294 and material modifications made to the shooting range for noise abatement purposes.

After Defendant filed its motion to dissolve, William and Jeri Landolt ("Plaintiffs") sought substitution as plaintiffs for the Racines, who had sold their land to the Landolts sometime after the issuance of the injunction in 1987. Defendant did not object to this substitution of parties, and the trial court granted Plaintiffs' motion. The trial court also allowed twenty-two additional plaintiffs[2] to intervene in the suit as a matter of right under Rule 52.12(a) over Defendant's objection.

Plaintiffs filed a motion to dismiss Defendant's motion to dissolve on the ground that Defendant failed to allege a change in the law or facts sufficient to establish that continuation of the injunction would cause an unjust or absurd result. The trial court granted Plaintiffs' motion to dismiss, finding it unnecessary to conduct an evidentiary hearing because Defendant's pleaded

---

1. The Racines also sought and were awarded nominal damages for trespass from stray bullets ricocheting from the range.

2. The twenty-two Intervenors are: John Skrivan, John Weggemann, Barbara Weggemann, David Knott, Mary Knott, Michael Aufmuth, Glenn Trunko, Carl Willoughby, Ellen Willoughby, Michael Thomas, Kathy Thomas, Bernhard Wendeln, Mary Wendeln, David McKinney, William Trunko, Carl Willoughby, Kathy Willoughby, Wayne Busse, Robert Willoughby, Linda Willoughby, Mark Metzger and Diane Metzger.

allegations were insufficient on their face. The trial court also held that Section 537.294 was inapplicable as it was enacted after the injunction was issued in this case. Defendant timely filed this appeal, raising three points of error.

## ANALYSIS

### Intervention

First, Defendant challenges the trial court's decision to allow Intervenors to intervene in the suit as a matter of right under Rule 52.12(a). Defendant contends that intervention was improper, because Intervenors neither specifically defined their interest in the subject matter of the lawsuit nor claimed that Plaintiffs could not adequately represent that interest. We agree.

A party can intervene as a matter of right under Rule 52.12(a) "when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect his interest, unless the applicant's interest is adequately represented by existing parties." The party seeking intervention bears the burden of proving his right to intervene. *Borgard v. Integrated Nat. Life Ins. Co.*, 954 S.W.2d 532, 535 (Mo.App. E.D.1997).

Intervenors' counsel admitted at oral argument before this court that his clients failed to make the requisite showing under Rule 52.12(a). Although Intervenors alleged that they were "present owners of land adjacent to or surrounding the Glendale Shooting Club," they failed to state their proximity to the range. On the record before us, it is unclear whether Intervenors' property is situated immediately adjacent to the shooting range or five miles away. As such, it is impossible to say that Intervenors have an interest in the lawsuit requiring their intervention. Further, Intervenors failed to show that Plaintiffs, who are the owners of the tract of land nearest to the shooting range, could not adequately represent any interest they had in the suit.

Intervenors cite *State ex rel. Algonquin Golf Club, Inc. v. Lewis*, 395 S.W.2d 522 (Mo.App.1965) in support of their argument that the allegations in their motion to intervene were sufficient and therefore intervention was appropriate. However, in *Algonquin*, the proposed intervenors alleged their interest in the outcome of the suit with specificity, alleged that their interest would be impaired if they were not allowed intervention, and further demonstrated that the plaintiffs could not adequately represent that interest. *Id.* at 523. Here, Intervenors failed to allege their interest in the suit and that Plaintiffs would be unable to represent their interest. Thus, *Algonquin* does not persuade us of the correctness of the trial court's decision here.

Finally, Defendant correctly asserts that intervention was also erroneous in this case, because Intervenors failed to include with their motion to intervene a pleading setting forth their claim or defense for which intervention is sought as required by Rule 52.12(c). The record refutes Plaintiffs' contention that Defendant waived this argument by failing to present it to the trial court. Defendant explicitly presented this argument for the trial court's consideration in its Memorandum in Opposition to Intervention.

Defendant also claims that because the motion to intervene was untimely, Intervenors were required and yet failed to show that substantial justice mandated their intervention in the case. We express no opinion as to the timeliness of Intervenors' motion as we have held above that even assuming Intervenors' motion was timely, they have failed to prove the prerequisites for intervention as a matter of right.

Acknowledging that the trial court may have erred in allowing them to intervene as a matter of right, Intervenors maintain that we should affirm on this

issue, because the trial court might have exercised its discretion and allowed permissive intervention pursuant to Rule 52.12(b). However, the only relief sought by Intervenors in their motion to intervene was intervention as a matter of right under Rule 52.12(a). Given the trial court's failure to specify which type of intervention it was granting, we assume that it simply granted Intervenors' request to intervene as a matter of right, a ruling we have held to be in error above.

Thus, the trial court's judgment is reversed insofar as it allows intervention as a matter of right.

### Dismissal of the Motion to Dissolve the Injunction

Defendant next argues that the enactment of Section 537.294, which again essentially grants immunity to certain gun ranges from nuisance actions, constitutes a change in the underlying law that makes the injunction against it unjust.

■ Clearly, "a permanent injunction based on a condition subject to change may be vacated or modified in order to avoid unjust or absurd results when a change occurs in the factual setting or the law which gave rise to its existence." *Lee v. Rolla Speedway, Inc.*, 668 S.W.2d 200, 204–205 (Mo.App. S.D.1984); *Twedell v. Town of Normandy*, 581 S.W.2d 438, 440 (Mo.App. E.D.1979). However, the trial court here held that because the injunction was entered prior to the effective date of Section 537.294, that statute was inapplicable. We disagree.

■ Because a permanent injunction acts *in futuro* and gives Plaintiff no vested right in the judgment of the trial court, there is no retroactivity bar to applying a new statute after the initial issuance of an injunction. *Viacom, Inc. v. Ingram Enterprises, Inc.*, 141 F.3d 886, 890 (8th Cir. 1998). Even if an injunction has matured into a final judgment, when the legislature amends the substantive law on which an injunction is based, the injunction may be enforced only insofar as it conforms to the changed law. *Id.*

While we could find no Missouri case directly on point, the Pennsylvania case of *Soja v. Factoryville Sportsmen's Club*, 416 Pa.Super. 29, 610 A.2d 491 (1992) and the case at bar are virtually identical. In *Soja*, the owners of property located near a shooting club had brought a nuisance action against the club. *Id.* at 492. The trial court granted the injunctive relief sought, limiting the days and hours of operation of the club in addition to other restrictions. *Id.* After the injunction was issued, the Pennsylvania legislature passed a statute providing immunity for shooting range owners from actions for nuisance and injunctions on the basis of noise pollution. *Id.* The defendant sought dissolution of the injunction, citing the new law. *Id.* The trial court held that the statute had no impact on the injunction, and the defendant appealed. *Id.* On appeal, the Superior Court of Pennsylvania noted that a permanent injunction is executory and continuing in nature and does not give the aggrieved party a perpetual or vested right in the remedy, the law governing the order, or the effect of the injunction. *Id.* at 494. The Superior Court thus reversed the trial court's judgment and held that the enactment of the statute was clearly a change in the law warranting dissolution of the injunction. *Id.* at 495.

■ We are persuaded by the logic of the *Soja* court and adopt it here. Thus, we hold that the trial court's determination that Section 537.294 had no application to an injunction issued prior to its effective date was erroneous. However, unlike the court in *Soja*, we cannot simply dissolve the injunction in this case. Section 537.294 grants immunity to shooting clubs only if they are operating within the range of "normal use," an issue obviously not decided by the trial court due to its determination that Section 537.294 was inapplicable. Accordingly, the case is remanded to allow the trial court to consider the effect of Section 537.294 on the standing injunction.

■ Finally, Defendant claims its motion to dissolve the injunction alleged

sufficient facts to warrant an evidentiary hearing as to whether modifications to the shooting range caused continuation of the injunction in its present form to be unjust. Plaintiffs' counsel conceded during oral argument before this court that if Defendant's motion to dissolve is sufficient on its face, Defendant is entitled to a hearing on the motion. And again, a party can seek modification of an injunction based on changed facts, as well as a change in the law. *Twedell*, 581 S.W.2d at 440. Thus, the issue presented is whether Defendant's motion alleged changed facts, which if true, may be sufficient to render the original injunction absurd or unjust.

The purpose of the original injunction was to lessen the noise caused by the shooting range, not to eliminate it altogether. Further, this court in the first appeal stated that Defendant could seek modification of the injunction if it "decides to enclose its facilities or in some other way *diffuse* the sounds of its previous operation to a non-nuisance level." *Racine*, 755 S.W.2d at 374 (emphasis added). "Diffuse" means to spread out or scatter, not to eradicate. *Random House Webster's College Dictionary*, 367 (2d ed.1997). Defendant's motion to dissolve the injunction alleged that "factual conditions relating to noise abatement and safety have changed... including but not limited to construction, addition and raising of numerous berms for ricochet prevention and noise abatement, permanent target stands for proper placement of projectiles into backstops and foliage re-cultivation and tree planting for noise abatement." Defendant clearly alleged that it employed these measures in an attempt to diminish or abate the noise of the gun range, and if these facts are true, Defendant may be entitled to relief. Defendant therefore pleaded sufficient facts to survive a motion to dismiss.

Plaintiffs cite *Lee v. Rolla Speedway, Inc., supra*, for the proposition that a simple lessening of the noise is not the equivalent of an abatement of the nuisance, and therefore Defendant cannot satisfy its bur-

den by merely showing it took steps to lessen the noise. However, in *Lee*, the defendant had been permanently enjoined from conducting any car races on the county fairgrounds. The defendant sought modification of the injunction on the basis of proposed alterations to the racetrack that would supposedly "substantially remove the dangers of further nuisance." *Id.* at 202. The Southern District affirmed the trial court's refusal to modify the injunction, finding that even with the proposed improvements, the racetrack would remain a nuisance to nearby residents. *Id.* at 205. In contrast, the nuisance in the case at bar was not the shooting range itself; rather it was the excessive noise level generated by the shooting range. Therefore, unlike the injunction in *Lee*, the injunction here was issued for the purpose of limiting the noise to a tolerable level, not to shut down the shooting range altogether. *Lee* is hence clearly distinguishable from the present case and does not alter our analysis.

For the reasons set forth above, we hold that Defendant pleaded facts sufficient to entitle it to an evidentiary hearing as to whether the changes made to the shooting range warrant modification or dissolution of the injunction. Accordingly, the case is reversed and remanded to allow the trial court to conduct such hearing.

In summary, we reverse the trial court's judgment allowing the twenty-two additional plaintiffs to intervene. We also reverse the trial court's judgment dismissing Defendant's motion to dissolve the injunction and instruct the trial court on remand to consider Section 537.294's effect on the case and conduct an evidentiary hearing on the issue of whether Defendant's modifications to the shooting range cause the existing injunction to be absurd or unjust.

RICHARD B. TEITELMAN, P.J., and CLIFFORD H. AHRENS, J., concur.