Dennis MILLER, Bryan Wucher, Theodore Jarvis, Elmer Marz, Theodor Walter and Jean Underwood, Appellants,

v.

CITY OF ARNOLD, Missouri, Paul Vinson, Randy Crisler, William Moritz, Dave Venable, Phil Amato, Joyce Deckman, Fred Ems, Claude Dooley, and Water Tower Development LLC, Respondent.

No. ED 90425.

Missouri Court of Appeals, Eastern District, Division Four.

May 27, 2008.

Frederick J. Berger, Nelson L. Mitten, Michael P. Wolf, St. Louis, MO, for appellant.

Robert K. Sweeney, Hillsboro, MO, Henry F. Luepke III, St. Louis, MO, for respondent.

## OPINION

GEORGE W. DRAPER III, Judge.

Dennis Miller, Bryan Wucher, Theodore Jarvis, Elmer Marz, and Jean Underwood (hereinafter and collectively "Citizens") ap-

peal from the trial court's grant of summary judgment in favor the City of Arnold, Missouri (hereinafter, "the City"), Paul Vinson, Randy Crisler, William Mortiz, Dave Venable, Phil Amato, Joyce Deckman, Alfred Ems, Claude Cooley (hereinafter and collectively, "the City Council"), and Water Tower Development, LLC (hereinafter, "WTD"). Citizens raise one point on appeal, claiming the trial court erred in granting summary judgment against them in that they had standing to challenge the City's decision to grant WTD's rezoning application. We affirm.

The facts are undisputed. The City is a city of the third class organized under the statutes of the State of Missouri. Citizens are all residents of the City and/or taxpayers who live in proximity to the property (hereinafter, "Property") owned by WTD, which is at issue in this lawsuit. The remaining defendants named in the lawsuit were or are members of the City's City Council.

On December 29, 2006, WTD filed an application with the City seeking rezoning of the Property from R–5 residential to C–3 commercial. Pursuant to the City's zoning requirements, the rezoning application was submitted to the City's Planning Commission and was discussed at a public hearing on February 27, 2007. After receiving comments from the public, the Planning Commission voted on the rezoning application; however, the motion failed because the vote resulted in a tie, with four members in favor, four members opposed. The Planning Commission failed to make any recommendation to the City with respect to the application.

The City Council held a meeting on March 1, 2007, and discussed the Planning Commission's vote. The City Council voted unanimously to send the matter back to the Planning Commission for reconsideration and for a recommendation on whether the rezoning application should be approved. On March 27, 2007, the Planning Commission reconvened to discuss the rezoning application per the City Council's request. At that meeting, the Planning Commission voted five to four in favor of recommending approval of WTD's rezoning application.

After the Planning Commission's vote, the issue was placed on the City Council's agenda for discussion at the April 5, 2007 meeting. The City Council unanimously approved WTD's rezoning application after receiving comments from the public, including Citizens and their attorney, and the City staff. The City Council then enacted Ordinance No. 14.410 (hereinafter, "the ordinance") which permitted the Property to be rezoned.

Shortly thereafter, Citizens filed their petition for declaratory judgment and injunctive relief on May 4, 2007, against the City and the City Council. In their petition, Citizens allege they each own property "in close proximity" to the Property. In their first count, Citizens sought a judgment declaring the enactment of the ordinance arbitrary, capricious, and invalid and requested injunctive relief to prevent the City from acting upon the ordinance. In their second count, Citizens alleged the City violated the procedural requirements needed to pass the ordinance. As result, Citizens sought a judgment declaring the ordinance null and void and that the Property's prior zoning classification was still in full force and effect.

On June 20, 2007, WTD filed a motion to intervene in the action based upon its ownership of the Property, which was granted. Subsequently, WTD, the City, and the City Council filed a joint motion for summary judgment alleging Citizens lacked standing to sue, and alternatively, Citizens failed to prove the City's rezoning decision was unreasonable or procedurally defective. The

trial court granted the joint motion on September 18, 2007, and amended the judgment to make it final for purposes of appeal on October 1, 2007. The trial court determined Citizens lacked standing to sue, and therefore, did not reach the merits of Citizens' claims. Citizens appeal.

It is well-settled that when considering an appeal from a grant of summary judgment, we review the record in the light most favorable to the nonmovant. *ITT Commercial Fin. v. Mid–America Marine,* 854 S.W.2d 371, 376 (Mo. banc 1993). Our review is essentially *de novo. Id.* The criteria on appeal for testing the propriety of summary judgment are no different from those employed by the trial court to determine the propriety of sustaining the motion initially. *Id.* A summary judgment movant has the burden of proof to establish a legal right to judgment flowing from facts about which there is no genuine dispute. *Id.* at 378. "The moving party bears the burden of establishing a right to judgment as a matter of law." *Powel v. Chaminade College Preparatory, Inc.,* 197 S.W.3d 576, 580 (Mo. banc 2006).

In their sole point on appeal, Citizens argue the trial court erred as a matter of law when it ruled they lacked standing to sue. Citizens claim they alleged they were "nearby property owners" to the Property, and based on that assertion alone, had standing to seek judicial review of the City's zoning decision. The City disagrees, arguing Citizens failed to carry their burden of proving the zoning decision "more distinctly and directly" affected Citizens' interests than the public generally.

■ Determining whether a party has standing is a threshold issue. *Executive Bd. of Missouri Baptist Convention v. Carnahan,* 170 S.W.3d 437, 445 (Mo.App. W.D.2005). When a party lacks standing, a court has no jurisdiction to grant the relief requested and the case must be dismissed. *Healthcare Services of the Ozarks, Inc. v. Copeland,* 198 S.W.3d 604, 612 (Mo. banc 2006); *Sherwood Nat'l Educ. Ass'n v. Sherwood–Cass R–VIII Sch. Dist.,* 168 S.W.3d 456, 462 (Mo.App. W.D.2005). "Reduced to its essence, standing roughly means that the parties seeking relief must have some personal interest at stake in the dispute, even if that interest is attenuated, slight or remote." *Ste. Genevieve Sch. Dist. R II v. Bd. of Aldermen of City of Ste. Genevieve,* 66 S.W.3d 6, 10 (Mo. banc 2002); *F.W. Disposal South, LLC v. St. Louis County,* 168 S.W.3d 607, 611 (Mo.App. E.D.2005). We review the issue of standing *de novo* and review the petition along with any other noncontested facts accepted as true by the parties. *Columbia Sussex Corp. v. Missouri Gaming Com'n,* 197 S.W.3d 137, 140–41 (Mo.App. W.D.2006).

Both parties cite *State ex rel. Crouse v. City of Savannah,* 696 S.W.2d 346 (Mo. App. W.D.1985), *Citizens for Safe Waste Management v. St. Louis County,* 810 S.W.2d 635 (Mo.App. E.D.1991), and *Turner v. City of Independence,* 186 S.W.3d 786 (Mo.App. W.D.2006) in support of their theory of standing. All three cases address the issue of standing when citizens sue their respective municipalities for decisions that rezoned or granted special use permits to other property owners. In all three cases, the reviewing court determined the citizens had standing to challenge the municipality's decision.

In *State ex rel. Crouse v. City of Savannah,* 696 S.W.2d 346 (Mo.App. W.D.1985), the Western District, relying upon the holding in *City of Eureka v. Litz,* 658 S.W.2d 519 (Mo.App. E.D.1983), stated the test for standing to challenge a legislative zoning decision was as follows:

> To qualify as aggrieved persons, plaintiffs must demonstrate a specific and legally cognizable interest in the subject

matter of the administrative decision and that the decision will have a direct and substantial impact on that interest. The decision must operate prejudicially and directly upon plaintiffs' personal or property rights or interests and such must be immediate and not merely a possible remote consequence. (Citations omitted).

*Crouse,* 696 S.W.2d at 348. The *Crouse* court went on to recognize, "[i]t is well established that an adjoining, confronting or nearby property owner has standing, without further proof of special damage, to assert the right for review of an administrative decision affecting the property in question." *Id.* The court then determined the citizens' petition contained sufficient allegations to overcome a motion to dismiss by asserting they were adjoining, confronting or nearby property owners, *and* they were affected adversely by the creation of more noise, congestion, car lights, problems of livability in the neighborhood, and a decline in property values. *Id.* (Emphasis added).

Similarly, this Court's holding in *Citizens for Safe Waste Management v. St. Louis County,* 810 S.W.2d 635 (Mo.App. E.D.1991), focused on both standards when analyzing whether citizens had standing to challenge the issuance of an operating permit to a landfill. Initially, we recognized that determining standing "is an ad hoc determination to be made by the courts under the particular facts of the case." *Id.* at 639. Further, we stated it was important to limit the availability of judicial review in these instances because "[t]o permit each member of the public who disagrees with such a [zoning] decision to seek judicial review would effectively destroy the legislative and administrative zoning structure." *Id.* We subsequently relied upon the standard articulated in *Crouse* that a plaintiff must show "a direct and substantial impact" on

his or her property rights in order to having standing, while acknowledging that "an adjoining, confronting or nearby property owner has standing, without further proof of special damages." *Id.* Ultimately, this Court determined the individual property owners had standing to sue when they alleged they lived within a mile of the landfill site *and* they were affected adversely by fumes, odors, dust, noise, and increased traffic from the operation. *Id.* at 640. (Emphasis added).

Finally, in *Turner v. City of Independence,* 186 S.W.3d 786 (Mo.App. W.D. 2006), the Western District set forth a similar standard to apply when determining citizen standing:

> Before the circuit court could assume jurisdiction of the appellants' action, the appellants had to establish that they had standing. To show standing in a zoning decision, a plaintiff must establish either that a statute confers him or her with standing or that the decision adversely affects more distinctly and directly his or her interest than it affects the general public's interest. An interest adversely affected still affords standing even if it is attenuated, slight, or remote. If a zoning decision affects or will affect the plaintiff's property interest adversely, the plaintiff has the requisite interest in the controversy. "An adjoining, confronting or nearby property owner has standing, without further proof of special damage, to assert the right for review of an administrative decision affecting the property in question." (Citations omitted).

*Id.* at 789. The Western District focused on the citizens' allegations that rezoning property from agricultural use to a residential planned unit development would create dangerous traffic conditions on the narrow roads abutting their properties. The *Turner* court found this allegation

demonstrated citizens would be more adversely and distinctly impacted than the community as a whole, and therefore, this was sufficient to confer standing. *Id.*

In the case at bar, Citizens claim the mere assertion that they were "in close proximity" to the Property was sufficient to confer standing to seek judicial review of the City's zoning decision. The City disagrees, arguing Citizens failed to carry their burden of proving the zoning decision "more distinctly and directly" affected Citizens' interests than the public generally. Based upon our reading of these three cases upon which the parties rely, we find the issue of standing is not an "either/or" proposition as the parties suggest. It is clear all three cases articulated both standards and found the citizens in those cases met both standards by making detailed allegations in their petition to support their standing argument. Therefore, we believe the prudent course to take when analyzing whether citizens have standing to challenge a municipality's rezoning decision is to determine whether they have met both standards by alleging facts which show not only they are adjoining, confronting or nearby property owners, but also, their interests have been affected adversely more distinctly and directly than the general public's interest.

Our review of the record in the instant case shows Citizens alleged in their petition for declaratory judgment that they each reside in "close proximity to the Property." The petition goes on to challenge the City's actions as arbitrary, capricious, and/or unreasonable because of substantial violations of the City's ordinance enactment sections. Citizens' petition fails to articulate any way in which the City's decision adversely affected their property interests more distinctly and directly than the general public's interest.

Citizens offered Dennis Miller's affidavit in response to the City's motion for summary judgment with respect to the standing issue. In the Miller affidavit, he averred his property was "nearby and in close proximity" to the Property, that rezoning would increase traffic on streets near his residence and it was his "belief that the rezoning of the Property shall cause the value of property at which I reside to decrease."

"An affiant who fails to aver specific facts and relies only upon mere doubt and speculation fails to raise any issue of material fact." *Syngenta Crop Protection, Inc. v. Outdoor Equipment Co.*, 241 S.W.3d 425, 428 (Mo.App. E.D.2007). Miller's averments speculate about a potential increase in traffic on streets *near* Miller's residence and a *belief* regarding the effect of rezoning on his property value. These specious averments do not create a genuine issue of material fact to overcome summary judgment. Therefore, Citizens' petition, in conjunction with the specious allegations set forth in Miller's affidavit, were insufficient to demonstrate Citizens had standing to challenge City's rezoning decision.

Since we have determined Citizens lack standing to sue, we find their motion taken with the case to strike portions of the City's brief is rendered moot. We need not address the City's alternative argument that Citizens failed to carry their burden of proof with respect to demonstrating the City failed to follow the procedural requirements necessary to enact the ordinance. Citizens' point on appeal is denied.

The trial court's judgment is affirmed.

MARY K. HOFF, P.J., and SHERRI B. SULLIVAN, J., concur.