**Donna J. REEVES, Respondent,**

v.

**Daniel R. REEVES, Appellant.**

**No. 66241.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 27, 1994.

Stephen G. Bell, St. Louis, for appellant.

Janis B. Powell, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Daniel R. Reeves ("husband"), appeals from the denial of his motion seeking termination of his obligation to pay maintenance to respondent, Donna J. Reeves ("wife"), by virtue of wife's remarriage. We reverse.

The parties' marriage was dissolved March 19, 1992. The decree of dissolution incorporated a separate agreement, signed by both parties, which included the following provisions:

> [Section III.B.] The parties agree that there now exists two Deeds of Trust on the [marital] residence aggregating the approximate sum of Forty–Nine Thousand Eighty Dollars and Twenty–Six Cents ($49,080.26) ... Wife agrees to assume and pay the unpaid indebtedness on said Deeds of Trust contingent upon the satisfactory consolidation and refinancing of the two Deeds of Trust by a consumer loan from an institution of her choice ... Husband does hereby assign, transfer, quit-claim, and send over to Wife all of his interest, if any, in the escrow fund held on this property as well as all of his interest in all existing insurance on said property. Further, Husband shall execute any and all documents necessary, ... to effectuate the transfer of his interest, if any, in said residence to Wife.

[Section IV.] ... Husband agrees to pay to Wife the sum of Two Hundred Dollars ($200.00) per month as and for contractual maintenance. Said payments ... shall continue for a period of fifteen (15) years up to and including January 15, 2007, or the date upon which Wife fully satisfies the refinanced mortgage of her residence, whichever first occurs.

[Section V.] Husband shall provide and maintain life insurance on his life in an amount equal to at least one-half of the present balance of the total indebtedness secured by Wife's residence. Husband shall designate Wife the beneficiary on said life insurance policy. Wife agrees to pay any and all premiums on said insurance policy until the balance of the total indebtedness secured by Wife's residence is satisfied in full or Husband dies, whichever first occurs.

Neither the decree nor the separation agreement contains any reference to, or provision for, continuation of maintenance payments in the event of wife's remarriage. Wife remarried on May 22, 1992, two months after issuance of the decree.

On September 16, 1993—nearly 16 months after wife's remarriage—husband moved for termination of his obligation to pay maintenance. The parties stipulated to the facts set out above. Each party submitted memoranda to the court supporting their respective positions. No hearing was held on the record. On April 15, 1994, the court denied husband's motion without explanation. Husband's April 25, 1994, motion to amend the judgment was also denied without explanation. This appeal followed.

For his sole point on appeal, husband contends the motion court erred in denying his motion to terminate his maintenance obligation, as wife's remarriage terminated the obligation as a matter of law. Wife argues in rebuttal that the purpose for husband's maintenance obligation was not to support her, but to reimburse her for the marital debt she assumed pursuant to the separation agreement; therefore, husband's maintenance payments should continue as specified in the separation agreement.

1. Now, RSMo § 452.370.3 (Supp.1994).

We affirm the trial court's judgment in court tried cases unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Where the trial court has made no specific findings of fact or conclusions of law, we consider all fact issues to have been determined in accordance with the result reached. Rule 73.01(a)(2); *Liberty v. Liberty*, 826 S.W.2d 381, 383 (Mo.App.E.D.1992).

RSMo § 452.370.2 (1986)[1] states:

Unless otherwise agreed in writing or expressly provided in the decree, the obligation to pay future statutory maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance.

This statute creates a rebuttable presumption that the obligation to pay statutory maintenance ends when the recipient party remarries. *Cates v. Cates*, 819 S.W.2d 731, 734 (Mo. banc 1991). Said presumption is rebutted by a written agreement stating that maintenance payments are to continue beyond remarriage, or by a decree expressly extending the maintenance obligation beyond marriage. *Id.*

Wife argues that the maintenance provided for in the separation agreement was not to support her, but to reimburse her for husband's share of the debt on the marital residence, which she assumed and for which she is solely responsible. Proof of this intent lies in the fact that the maintenance is to end either fifteen years from the date of the decree or upon satisfaction of the debt, whichever is sooner. According to wife, a reading of the separation agreement in its entirety clearly shows that termination of maintenance was not to be predicated upon her remarriage but upon repayment of the outstanding debt upon the marital home. Wife alleges that, in light of this clear intent as manifested by the agreement, the precise words "maintenance shall continue beyond wife's remarriage" or their equivalent were

not necessary. Therefore, wife contends, she rebutted the presumption that her remarriage ended husband's maintenance obligation.

Where the decree and separation agreement are silent with respect to the effect of remarriage on the maintenance obligation, no further inquiry into the intent of the parties concerning maintenance is permitted; the statute controls and the obligation is terminated. *Cates*, 819 S.W.2d at 736–737. "Given the unambiguous language of Section 452.370.2, it is difficult to imagine that the careful drafter would fail to state the intent of the parties when failure to do so results in termination of maintenance." *Id.* at 738.

Here, nowhere in the parties' decree or separation agreement is there any reference to the effect of wife's remarriage on husband's maintenance obligation. "[W]here the decree and agreement are silent [on the effect of remarriage], there is nothing to rebut the statutory presumption of termination." *Glenn v. Snider*, 852 S.W.2d 841, 843 (Mo. banc 1993).

The motion court erroneously applied the law in denying husband's motion to terminate his maintenance obligation. Said obligation ended on May 22, 1992, when wife remarried. Accordingly, we reverse. Husband's maintenance obligation as set out in Section IV of the separation agreement is hereby terminated.

Reversed.

REINHARD, P.J., and CRAHAN, J., concur.