Robert J. SIMPSON, Appellant,

v.

Rowena A. SIMPSON, Respondent.

No. SC 91498.

Supreme Court of Missouri,
En Banc.

Oct. 4, 2011.

Edward D. Robertson, Jr., Bartimus, Frickleton, Robertson & Gorny, P.C., Jefferson City, for Robert J. Simpson.

Gerard Carmody, Carmody MacDonald, Clayton, for Rowena Simpson.

ZEL M. FISCHER, Judge.

Robert J. Simpson (Husband) appeals the dismissal of his motion to terminate maintenance by the trial court. Husband claims that the trial court erred in dismissing his motion because the statutory presumption created by § 452.370, RSMo 2000, that maintenance terminates upon remarriage, was not overcome by a written agreement between him and Rowena A. Simpson (Wife). This Court has jurisdic-

tion over this appeal under article V, section 10, of the Missouri Constitution, because it granted transfer after opinion by the court of appeals. Judgment affirmed.

## Facts

In 1981, Husband and Wife married. In 2004, Husband filed a petition for dissolution of marriage in St. Louis County circuit court. After a year of litigation, Husband and Wife agreed to settlement terms, and the trial court entered its judgment dissolving the marriage. As part of the judgment entered by the court, Husband was required to pay Wife monthly maintenance in the amount of "$12,000 as set forth in Exhibit 1." Exhibit 1, which is attached to the judgment, is the marital settlement and separation agreement. The maintenance section of the agreement states that:

> The parties agree, after examining all relevant factors, including the situation of both parties at the present time, that it is reasonable for and Husband agrees to pay to Wife nonmodifiable maintenance in the sum of $12,000 per month for a period of 15 years.

> The payments shall be made in advance on the first day of each month with the first payment due on the first day of December, 2005 and the last payment due on the first day of November, 2020. The payments shall terminate prior to the expiration of said 15 year period only in the event of the death of either party.

Both Husband and Wife's signatures appear at the end of the agreement indicating that each one read, fully understood, and agreed with its terms.

In 2009, Wife remarried. Afterwards, Husband filed a motion asking the trial court to terminate his obligation to pay Wife maintenance. Wife moved to dismiss Husband's motion citing the language in the agreement that the payment of maintenance shall terminate "only in the event of the death of either party."

In 2010, the trial court entered its order and judgment granting Wife's motion to dismiss. The court found in its judgment that "at the time the dissolution was entered the parties agreed, in writing, that the maintenance to be paid by [Husband] to [Wife] was nonmodifiable, that it would be paid for a term of 15 years, and terminate prior to the expiration of 15 years only if one of the parties died."

Husband appealed to the court of appeals. After opinion by the court of appeals, this Court granted transfer.

## Application of § 452.370

Husband claims that the trial court erroneously declared or applied § 452.370 because Husband asserts that the statute creates a statutory presumption that maintenance terminates upon remarriage unless the parties expressly agree otherwise in writing.

## Standard of Review

This Court must sustain the trial court's judgment "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

## Analysis

Section 452.370 describes when and if an award of maintenance can be modified or terminated. Section 452.370.3 specifically addresses when maintenance shall be terminated. It provides that "[u]nless otherwise agreed in writing or expressly provided in the judgment, the obligation to pay future statutory maintenance is terminated upon the death of either party or the

remarriage of the party receiving maintenance." Section 452.370.3.

Husband argues that the written separation agreement between the parties is silent on the issue of the continued payment of maintenance following Wife's remarriage and, therefore, does not overcome the presumption of termination of maintenance upon remarriage created by § 452.370.3. His argument relies on this Court's decision in *Cates v. Cates* that requires courts to "determine the continued obligation of the paying party to pay maintenance following remarriage or death upon the language (or silence) of the separation agreement or the court's decree." 819 S.W.2d 731, 738 (Mo. banc 1991). In *Cates*, this Court found that "[g]iven the unambiguous language of [what is now § 452.370.3], it is difficult to imagine that the careful drafter would fail to state the intent of the parties when failure to do so results in termination of maintenance." *Id.* Husband also cites *Glenn v. Snider* in which this Court reiterated that § 452.370 will control when neither the decree nor the separation agreement in a particular case "address[es] the effect of remarriage." 852 S.W.2d 841, 843 (Mo. banc 1993).[1]

The problem with Husband's argument is that he and Wife agreed in writing in the separation agreement that maintenance would terminate "only in the event of the death of either party." Unlike in *Cates* and *Snider*, where this Court found "no agreement between the parties in writing that either expressly or by implication

extends the obligation to pay future statutory maintenance payments beyond … remarriage," *Cates*, 819 S.W.2d at 737, the separation agreement in this case is not silent as to Husband's obligation to pay maintenance after Wife's remarriage. The separation agreement states that the *only* event that can terminate maintenance is the death of either Husband or Wife. A careful drafter would use the word "only" in the separation agreement to limit the number of events that would terminate Husband's maintenance obligation to either his death or Wife's death. The word "only" excludes all other possible terminating events including Wife's remarriage. For this reason, the use of the word "only" in the separation agreement is sufficient to overcome the statutory presumption of § 452.370 pursuant to *Cates*.

Husband insists that the use of the word "only" is not enough. He cites *In re Estate of Mackie* for the proposition that "[t]o rebut the presumption of termination, the parties must clearly and expressly agree in writing or the court's dissolution decree must expressly state that the obligation to pay future statutory maintenance extends beyond the death of either party." 261 S.W.3d 728, 731 (Mo.App.2008). In *Mackie*, the court held that the statement in the separation agreement that "Wife shall receive the following as non-modifiable maintenance payments during her lifetime …" was not enough to overcome the presumption of § 452.370. *Id.* at 729. The court made this determination because the separation agreement did not

---

1. After oral argument, Husband filed a letter pursuant to Supreme Court Rule 84.20 to address an issue raised during argument. The letter asserts that the separation agreement in the current case is not distinguishable from the one in *Snider*. In *Snider*, the decree stated that maintenance payments would "not extend beyond the death of the payee spouse." 852 S.W.2d at 842. Husband argues that this is not distinguishable from the current case because the rule of *expressio unius est exclusio alterius* (the express mention of one thing implies the exclusion of another) applies to the separation agreement. Based on this rule, Husband asserts that the presence of the word "only" in the separation agreement in the current case is superfluous. This argument is unpersuasive.

expressly waive the presumption and, therefore, did not make it abundantly clear as to what the parties intended in the agreement. *Id.* at 732.

 The use of the word "only" in the current case certainly makes the separation agreement more clear than that in *Mackie*. However, the *Mackie* court's analysis and interpretation of § 452.370 and *Cates* is troubling. When "the intent of the legislature is clear and unambiguous" by giving the statutory language its plain and ordinary meaning, both this Court and the court of appeals are bound by that language and cannot resort to statutory interpretation. *Goerlitz v. City of Maryville*, 333 S.W.3d 450, 455 (Mo. banc 2011). Section 452.370 plainly and clearly gives two alternatives for how its presumption can be overcome; the presumption can be overcome either by the parties agreeing in writing or by the court expressly providing that it is overcome in the judgment. The opinion in *Mackie*, however, applies the word "expressly" to both alternatives while the plain language of § 452.370 indicates it only applies to the second alternative. Further, in *Cates*, this Court searches the written agreement between the parties for any language that either "expressly or by implication extends the obligation" to pay maintenance. 819 S.W.2d at 737.

 Based on the plain language of § 452.370 and *Cates,* this Court holds that the presumption that an obligation to pay maintenance is terminated by remarriage of the party receiving maintenance can be overcome by an agreement in writing between the parties that either expressly or by implication extends said obligation.[2] To the degree that *Mackie* and other opinions[3] by the court of appeals conflict with this holding, those opinions should no longer be followed.

### Conclusion

Husband has failed to demonstrate that the trial court erroneously declared or applied the law by entering its judgment dismissing his motion to terminate his obligation to pay maintenance to Wife. The judgment is affirmed.

TEITELMAN, C.J., RUSSELL, BRECKENRIDGE and STITH, JJ., and BRINGER and WIMES, Sp.JJ., concur.

PRICE, J., not participating.

**2.** Because this Court holds that the language present in the separation agreement is enough to overcome the presumption of § 452.370, it does not need to address whether or not Husband's transcribed sworn testimony, admitting that Wife's future remarriage would not change his obligation to pay maintenance, is enough to overcome the presumption of § 452.370.

**3.** Husband cites two other cases: *Reeves v. Reeves*, 890 S.W.2d 369 (Mo.App.1994), and *Tucker v. Tucker*, 124 S.W.3d 16 (Mo.App. 2004). Both are distinguishable from the facts of the current case. In *Reeves*, the court found that the separation agreement was si-

lent as to the effect of remarriage. 890 S.W.2d at 372. In *Tucker,* the court found that a provision in the separation agreement and the trial court's decree that said a maintenance obligation was "nondischargeable" was not enough to rebut the presumption of § 452.370.3. 124 S.W.3d at 19. In so holding, the court determined that in the context of the separation agreement, the use of the word "non-dischargeable" was a "legal term of art [that] is commonly used, connotes, or conveys" that the maintenance obligation in question could not be discharged through bankruptcy. *Id.*