

# Missouri Court of Appeals

## Southern District

### In Division

| | |
|---|---|
| In re the marriage of:<br>Tammy Kay Campbell and Timothy Campbell, | ) |
| | ) |
| TAMMY KAY CAMPBELL, | ) |
| | ) |
| Respondent, | ) No. SD37620 |
| | ) |
| vs. | ) FILED: May 22, 2023 |
| | ) |
| TIMOTHY CAMPBELL, | ) |
| | ) |
| Appellant. | ) |

### APPEAL FROM THE CIRCUIT COURT OF NEW MADRID COUNTY

Honorable William E. Reeves, Judge

### REVERSED AND REMANDED WITH DIRECTIONS

Timothy Campbell ("Husband") appeals the denial of his motion seeking to terminate a maintenance obligation to Tammy Campbell ("Wife"). In his sole point, Husband contends the circuit court's judgment "misapplied the law" in that Wife has remarried, there "is neither an express provision in a judgment nor an express or implied written agreement that maintenance would continue past remarriage," and, therefore, the statutory presumption of section 452.370.3[1] that maintenance terminates upon remarriage applies. Determining that Husband's point has

---

[1] All statutory references are to RSMo Cum.Supp. 2014.

merit, but that he has waived his right to appeal some voluntarily-made payments, we reverse the judgment as to any remaining unpaid monthly maintenance payments beyond Wife's remarriage.

## Governing Law and Standard of Review

"Section 452.370 describes when and if an award of maintenance can be modified or terminated." *Simpson v. Simpson*, 352 S.W.3d 362, 363 (Mo. banc 2011). The relevant provision pertains to termination and provides that "[u]nless otherwise agreed in writing or expressly provided in the judgment, the obligation to pay future statutory maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance." Section 452.370.3. The use of the word "expressly" in this statute "only applies" to a judgment and, therefore, does not apply to an agreement in writing. *Simpson*, 352 S.W.3d at 365. As such, an agreement in writing may rebut the statutory presumption either expressly or by implication. *Id.*; *see, e.g.*, *Cates v. Cates*, 819 S.W.2d 731, 737 (Mo. banc 1991) (searching the written agreement at issue for any language that either "expressly or by implication extends the obligation" to pay maintenance).

We must sustain the circuit court's judgment "'unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law.'" *Simpson*, 352 S.W.3d at 363 (quoting *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). As is the case here, "'[i]f the issue is one of law, this Court reviews *de novo* to see if the circuit court misapplied the law.'" *Clippard v. Clippard*, 642 S.W.3d 761, 764 (Mo.App. 2022) (quoting *JAS Apartments, Inc. v. Naji*, 354 S.W.3d 175, 182 (Mo. banc 2011)).

## Factual and Procedural Background

The parties married in 1991 and Wife petitioned for dissolution of marriage in 2015. The parties entered into a property settlement agreement ("the Property Settlement Agreement") and,

2

thereafter, the circuit court entered a judgment of dissolution of marriage ("the Dissolution Judgment"). Regarding maintenance, the Property Settlement Agreement provides: "8. That Husband shall pay to [W]ife maintenance in the amount of $500.00 each month. That maintenance shall be non-modifiable and shall continue until [Husband] turns age 65, at which time the maintenance shall terminate." The Dissolution Judgment provides:

> 9. The parties have specifically agreed that the Property Settlement Agreement is to be made a part of this decree and, therefore, the Property Settlement Agreement is attached hereto and incorporated by reference herein.

> 10. There is a necessity to award maintenance to [Wife] at this time. Further, that [Husband] shall pay directly to [Wife] maintenance in the sum of Five Hundred Dollars ($500) per month. That said maintenance shall be non[-] modifiable and will lapse when [Husband] turns age 65.

Wife remarried in October of 2021 and in February of 2022, Husband filed his motion seeking to terminate maintenance. The motion, relying on section 452.370.3, asserted Husband was no longer obligated to pay maintenance because Wife remarried in October of 2021 and "[t]he parties did not agree in writing, nor did the Court expressly order that future maintenance would continue regardless if [Wife] remarried."

The circuit court found that "[t]here is no provision in the [Dissolution Judgment] that explicitly extends the obligation to pay maintenance beyond the remarriage of [Wife]." However, the circuit court cited two aforementioned cases: *Cates*, for the principle that a written agreement may rebut the statutory presumption of section 452.370.3 by implication, and *Simpson*, as providing an example of such rebuttal by implication. Based on the foregoing, the circuit court concluded as follows:

> The instant case arguably is distinguishable from [*Simpson*] to an extent because the language of the parties' [Property] Settlement Agreement and [Dissolution Judgment] omits the word 'only' in characterizing the sole event agreed between the parties and adopted by the Court that would act to terminate the maintenance

3

obligation of [Husband], that event being [Husband] attaining the age of 65.[2] Notwithstanding the omission of this word, however, [Husband] reaching that age remains the <u>sole</u> event specified in the judgment and agreed between the parties. Therefore, by implication, the alternative event (remarriage) is excluded from the [Property Settlement Agreement] and the [Dissolution Judgment] and the presumption created by [s]ection 452.370.3 RSMo., is re-butted. Consequently (and by implication), the maintenance obligation of [Husband] continues regardless of re-marriage of [Wife].

Husband timely appeals.

## Discussion

### *Husband Waived his Right to Appeal Previous Payments*

In his briefing and oral argument before this Court, Husband concedes he has made maintenance payments to Wife following her remarriage through the pendency of this appeal. "It is well settled that a party may be estopped from taking an appeal by performing acts after rendition of the judgment which are clearly inconsistent with the right of appeal." ***Riley v. Zoll***, 596 S.W.3d 654, 656 (Mo.App. 2020). "Any voluntary act by a party which expressly or impliedly recognizes the validity of the judgment may create such an estoppel." ***Id.***; *see also **In re Miller***, 347 S.W.3d 132, 140 (Mo.App. 2011) ("Because Husband did not attempt to avoid compliance with the judgment by seeking approval of a supersedeas bond, we find that his compliance was voluntary.").

Here, there is nothing in the record suggesting that any of Husband's maintenance payments following Wife's remarriage were involuntary. Thus, in making such voluntary payments, Husband has waived his right to appeal the circuit's court's judgment specifically as to these payments. *See **Riley***, 596 S.W.3d at 656. Husband has not, however, waived the right

---

[2] The Property Settlement Agreement states that maintenance "shall continue until Respondent, Timmy Campbell turns age 65, at which time the maintenance shall terminate." The Dissolution Judgment refers to Wife as "Petitioner" and Husband as "Respondent" and states that maintenance "will lapse when Respondent turns age 65. However, the circuit court's judgment, which also refers to Wife as "Petitioner," mistakenly states that maintenance terminates when "Petitioner" turns 65.

to appeal the judgment as to unmade payments *See Krepps v. Krepps*, 234 S.W.3d 605, 617 (Mo.App. 2007) (holding that the waiver of a complaint as to maintenance payments paid since the entry of the decree by the payment of those amounts does not result in the waiver of the right to appeal as to future payments); *Newport v. Newport*, 759 S.W.2d 630, 632 (Mo.App. 1988) (same holding). As Husband has not waived his right to appeal his obligation to make additional maintenance payments beyond Wife's remarriage, we turn to and address Husband's sole point relied on.

### *The Circuit Court Misapplied the Law*

In his point and supporting argument, Husband challenges the circuit court's finding that the Property Settlement Agreement implicitly excludes remarriage as a maintenance-terminating event. Husband argues the circuit court "misapplied the law in concluding that an agreement that mentions one event that terminates maintenance (here the event of Husband turning 65) impliedly means that the parties agreed that all other events, including remarriage or death, will not terminate maintenance." We agree. *Cates* and *Simpson*, the two cases cited and relied upon by the circuit court in its judgment, provide a relevant framework for our discussion.

In *Cates*, an individual who was receiving maintenance pursuant to a written agreement subsequently remarried. 819 S.W.2d at 733. One of the issues raised on appeal was whether the statutory presumption in what is now section 452.370.3 was rebutted by the written agreement, which provided "[the husband] shall pay to [the wife], as maintenance in gross, the sum of [$7,800], payable at the rate of [$325] per month[.]" *Id.* As Husband correctly observes, this maintenance requirement is akin to a requirement that maintenance be paid "for a time certain of 24 months ($7,800 divided by $325/month = 24 months)." When viewed in this manner, the maintenance requirement in the written agreement in *Cates* is not dissimilar to the requirement in the instant case that Husband pay maintenance until the time certain date of his 65th birthday.

Ultimately, in *Cates*, our Supreme Court concluded, "[w]e find no agreement between the parties in writing that either expressly or by implication extends the obligation to pay future statutory maintenance payments beyond [the recipient]'s remarriage." *Id.* at 737.

*Simpson* also involved the remarriage of someone receiving maintenance pursuant to a written agreement. 352 S.W.3d at 363. The maintenance agreement provided for monthly payments to that individual for a period of 15 years and specified "[t]he payments shall terminate prior to the expiration of said 15 year period only in the event of the death of either party." *Id.* As it did previously in *Cates*, our Supreme Court considered whether the statutory presumption in section 452.370.3 was rebutted by the written agreement at issue. *Id.* Under the facts presented in *Simpson*, however, the Court noted, "[a] careful drafter would use the word 'only' in the separation agreement to limit the number of events that would terminate [the husband]'s maintenance obligation to either his death or [the wife]'s death." *Id.* at 364. Concluding that "[t]he word 'only' excludes all other possible terminating events including [the wife]'s remarriage[,]" the Court held "the use of the word 'only' in the separation agreement is sufficient to overcome the statutory presumption of [section] 452.370 pursuant to Cates." *Id.*

Here, in the Property Settlement Agreement, the only reference to a maintenance-terminating event is the provision stating "[t]hat maintenance shall be non-modifiable and shall continue until [Husband] turns age 65, at which time the maintenance shall terminate." The circuit court correctly noted that, unlike the agreement in *Simpson*, the Property Settlement Agreement does not use the word "only" to limit maintenance termination to this specifically provided-for event, but yet ignored the *Simpson* admonition that if the intent behind the Property Settlement Agreement was to limit maintenance termination to the enumerated event of Husband reaching the age of 65, the word "only" would be used. Here, like the agreement in *Cates*, the

6

Property Settlement Agreement contains an enumerated termination event, but is completely silent concerning the impact of the unenumerated, presumptively maintenance-terminating events of section 452.370.3. *See* 819 S.W.2d at 733. As such, the applicable statutory presumption—that Wife's remarriage terminated Husband's maintenance obligation—is controlling.[3] The circuit court misapplied the law in holding otherwise.

## Decision

For the reasons set out herein, Husband has waived any right to seek reimbursement for past maintenance payments made to Wife, but Husband has no obligation to make additional maintenance payments to Wife beyond her remarriage. The judgment is reversed and the cause remanded with directions for the circuit court to enter an amended judgment consistent with this opinion.

BECKY J. W. BORTHWICK, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

GINGER K., GOOCH, J. – CONCURS

---

[3] We note other cases, involving agreements with similar enumerated provisions, in which our sister districts have also held such agreements have failed to rebut the remarriage presumption. *See, e.g.*, **Tucker v. Tucker**, 124 S.W.3d 16, 17-20 (Mo.App. 2004) (holding that an agreement providing for maintenance for a set number of years and further providing that the maintenance is "contractual, non-modifiable, non-dischargeable maintenance" was silent as to the effect of remarriage on the maintenance obligation); **Reeves v. Reeves**, 890 S.W.2d 369, 371-72 (Mo.App. 1994) (holding that an agreement providing maintenance payments shall continue for a set period of years "or the date upon which Wife fully satisfies the refinanced mortgage of her residence, whichever first occurs" was silent as to the effect of remarriage on the maintenance obligation).

7