Kate GOERLITZ, Appellant,

v.

CITY OF MARYVILLE, Missouri,
a Municipal Corporation,
Respondent.

No. SC 90699.

Supreme Court of Missouri,
En Banc.

Jan. 11, 2011.

Jerold L. Drake, Stephens, Drake & Larison, Grant City, for Goerlitz.

Nikki Cannezzaro, Bradley Nielson, Franke, Schultz & Mullen PC, Kansas City, for the City.

ZEL M. FISCHER, Judge.

Kate Goerlitz appeals from the Gentry County circuit court's entry of summary judgment in favor of the City of Maryville in her action for damages and injunctive relief stemming from the City's operation of a gun range near her home. The trial court correctly entered summary judgment for the City. Affirmed.

### Facts

Goerlitz lives in a home located in an unincorporated portion of Nodaway County. The City owns and operates a gun range on an adjacent piece of property. The City's property is located within the boundaries of Polk Township.

Goerlitz filed a petition in the Nodaway County circuit court alleging that the City was negligent in its operation of the gun range and that the gun range was a nuisance. Goerlitz asked the court to award damages and to enter an injunction prohibiting the City from operating a gun range on the property. The City filed a timely answer to the petition. Goerlitz's motion for change of venue was sustained, and the case was subsequently transferred to the Gentry County circuit court.

The City filed a motion for summary judgment in which it claimed that the uncontroverted facts established that Goerlitz was precluded from recovering against the City and also asserted affirmative defenses based on the provisions of § 537.294, RSMo Supp.2009, prohibiting certain lawsuits against gun ranges based on nuisance and trespass and also sovereign immunity. Goerlitz filed a timely response. The circuit court entered summary judgment in favor of the City and against Goerlitz.

### Standard of Review

■ The trial court makes its decision to grant summary judgment based on the pleadings, record submitted, and the law; therefore, this Court need not defer to the trial court's determination and reviews the grant of summary judgment *de novo*. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993); Rule 74.04. In reviewing the decision to grant summary judgment, this Court applies the same criteria as the trial court in determining whether summary judgment was proper. *Id.* Summary judgment is only proper if the moving party establishes that there is no genuine issue as to the material facts and that the movant is entitled to judgment as a matter of law. *Id.* The facts contained in affidavits or otherwise in support of a party's motion are accepted

"as true unless contradicted by the non-moving party's response to the summary judgment motion." *Id.* Only genuine disputes as to material facts preclude summary judgment. *Id.* at 378. A material fact in the context of summary judgment is one from which the right to judgment flows. *Id.*

■ A defending party, such as the City, may establish a right to summary judgment by demonstrating: (1) facts negating any one of the elements of the non-movant's claim; (2) "that the non-movant, after an adequate period for discovery, has not been able and will not be able to produce sufficient evidence to allow the trier of fact to find the existence of any one" of the elements of the non-movant's claim; or (3) "that there is no genuine dispute as to the existence of the facts necessary to support movant's properly pleaded affirmative defense." *Id.* at 381. Each of these three methods individually "establishes the right to judgment as a matter of law." *Id.* In this case, the circuit court's entry of summary judgment should be affirmed on both the second and third bases.

■ In determining whether the City has met this burden:

> The record below is reviewed in the light most favorable to the party against whom summary judgment was entered, and that party is entitled to the benefit of all reasonable inferences from the record. However, facts contained in affidavits or otherwise in support of the party's motion are accepted as true unless contradicted by the non-moving party's response to the summary judgment motion.

*Hammack v. Coffelt Land Title, Inc.,* 284 S.W.3d 175, 177–78 (Mo.App.2009) (inter-nal quotations and citations omitted). *See also ITT Commercial Fin.,* 854 S.W.2d at 376. However, an appellate court reviewing the ruling of a circuit court is bound to consider the forms of the affidavits supporting and opposing summary judgment in accord with Rule 74.04(e), which requires the affidavits to be made on personal knowledge and set forth facts that would be admissible in evidence. Additionally, the affidavit "shall show affirmatively that the affiant is competent to testify to the matters stated therein." Rule 74.04(e).

■ In its motion for summary judgment, the City argued that Goerlitz's claims were barred by § 537.294 and by sovereign immunity as provided for in § 537.600, RSMo Supp.2009.[1] If, as a matter of law, the circuit court's judgment is sustainable on any theory, it should be affirmed on appeal. *ITT Commercial Fin.,* 854 S.W.2d at 387–88. Goerlitz's points on appeal do not challenge the grant of summary judgment against her claims for damages, but rather assert she remains entitled to injunctive relief.

### Goerlitz's Claims are Barred by § 537.294

■ On appeal, the parties acknowledge that Goerlitz's right to injunctive relief is governed by the law now in effect rather than the version of § 537.294 that was in place at the time she filed suit. This is because an injunction looks forward by addressing what conduct or actions will be permitted in the future. This means that "when the legislature amends the substantive law on which an injunction is based, the injunction may be enforced only insofar as it conforms to the changed law." *Landolt v. Glendale Shooting Club, Inc.,* 18 S.W.3d 101, 105 (Mo.App.2000). Therefore, § 537.294 as amended in 2009 applies

---

1. Because the circuit court's grant of summary judgment is affirmed based on the record below and application of § 537.294, it is not necessary for this Court to address whether sovereign immunity applies.

because it is the most current version of the statute. In subsection 2, it provides:

All owners and authorized users of firearm ranges shall be immune from any criminal or civil liability arising out of or as a consequence of noise or sound emission resulting from the use of any such firearm range. Owners and users of such firearm ranges shall not be subject to any civil action in tort or subject to any action for public or private nuisance or trespass and no court in this state shall enjoin the use or operation of such firearm ranges on the basis of noise or sound emission resulting from the use of any such firearm range. *Any actions by a court in this state to enjoin the use or operation of such firearm ranges and any damages awarded or imposed by a court, or assessed by a jury, in this state against any owner or user of such firearm ranges for nuisance or trespass are null and void.*

(Emphasis added). Section 537.294.4 goes on to state: "Notwithstanding any other provision of law to the contrary, nothing in this section shall be construed to limit civil liability for compensatory damage arising from physical injury to another human, physical injury to tangible personal property, or physical injury to fixtures or structures placed on real property."

Goerlitz's claim for injunctive relief contains averments about noise emissions, nuisance and danger from bullets invading the airspace of her property. Goerlitz acknowledges any argument based on noise or general nuisance is specifically and unequivocally barred by § 537.294.2. Goerlitz argues, however, that a genuine issue of material fact exists as to whether bullets are ricocheting and flying over her property and that such a claim for relief is not barred by the statute.

Goerlitz urges this Court to interpret the current version of § 537.294 to merely bar damages and injunctions from "noise or sound." This interpretation completely ignores the plain language of the statute, which, in addition to noise and sound emission resulting from a cause of action based on private nuisance, specifically states:

Any actions by a court in this state to enjoin the use or operation of such firearm ranges and any damages awarded or imposed by a court, or assessed by a jury, in this state against any owner or user of such firearm ranges for nuisance or trespass are null and void.

Section 537.294.2. In addition, this interpretation of § 537.294 would completely ignore the fact that the statute also makes null and void any injunction based on trespass, and the cause of action for trespass always requires more than just a showing of interference by noise and sound. *See Hansen v. Gary Naugle Const. Co.,* 801 S.W.2d 71, 74 (Mo. banc 1990) ("A trespass is a direct *physical* interference with the person or property of another.") (emphasis added) (internal citation omitted).

Goerlitz alleges, but fails to support, a claim of bullets ricocheting on her property. In fact, her own affidavit indicates the only bullets she retrieved were found on the gun range owned by the City.

Goerlitz argues that her request for an injunction is supported by (1) her sworn statement that she heard bullets ricochet onto her property, (2) her sworn statement that other people told her that they heard bullets ricocheting through the air, and (3) the unsworn statements of other people claiming that they heard bullets ricocheting on her property, which Goerlitz attached to her affidavit. Rule 74.04(e) requires: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

■ Clearly, the statement that "others heard bullets ricocheting through the air" is not based on personal knowledge and would not be admissible evidence. Just as clear is the fact that not one of these purported witness statements attached to Goerlitz's affidavit is sworn. For this reason, these statements do not add any admissible evidence and cannot be considered in this Court's ruling on the City's motion for summary judgment. Additionally, Goerlitz's own affidavit fails to provide any affirmative foundation that she has personal knowledge of a single bullet causing physical injury to her or her property. Because of this lack of evidentiary support, her claims are unable to survive the City's motion for summary judgment.

■ No legal theory supports an injunction under these facts. The petition purports to seek relief on four separate counts. Count one seeks an injunction. Count two alleges nuisance. Counts three and four allege negligence. However, an injunction is a remedy and not a cause of action; therefore, it must be based on some recognized and pleaded legal theory. *Farm Bureau Town and Country Ins. Co. of Missouri v. Angoff,* 909 S.W.2d 348, 354 (Mo. banc 1995) ("An injunction is an extraordinary and harsh remedy and should not be employed where there is an adequate remedy at law.").

■ The petition does not purport to allege a cause of action for trespass.[2] A negligence claim cannot support an injunction because a necessary element of a negligence claim is damage and an injunction seeks to prohibit future damage. That

leaves nuisance as the sole legal theory claimed by Goerlitz to support her request for an injunction.

■ As previously noted, § 537.294 divests any court in this state of any authority to enter an injunction or award damages against the owner of a gun range based upon allegations of nuisance or trespass. The statute expressly declares that "[a]ny actions by a court ... to enjoin the use or operation of such firearm ranges and any damages awarded or imposed by a court ... against any owner or user of such firearm ranges for nuisance or trespass are null and void." Section 537.294.2. There is no ambiguity in the statutory language. "If the intent of the legislature is clear and unambiguous, by giving the language used in the statute its plain and ordinary meaning, then we are bound by that intent and cannot resort to any statutory construction in interpreting the statute." *Scott v. Blue Springs Ford Sales, Inc.,* 215 S.W.3d 145, 166 (Mo.App.2006) (internal quotations and citations omitted). Further,

The rules of statutory interpretation are not intended to be applied haphazardly or indiscriminately to achieve a desired result. Instead, the canons of statutory interpretation are considerations made in a genuine effort to determine what the legislature intended. This Court's primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue.

*Parktown Imports, Inc. v. Audi of America, Inc.,* 278 S.W.3d 670, 672 (Mo. banc 2009).

**2.** "[T]respass is the unauthorized entry upon the land of another" by a person or an object as a result of a person's actions, "regardless of the amount of force used or the amount of damage done." *Rychnovsky v. Cole,* 119 S.W.3d 204, 211 (Mo.App.2003). Goerlitz's claim sounds in trespass. But even if Goerlitz

did plead all necessary elements of a cause of action for trespass, which she has not done, the statute set out above specifically prohibits an injunction against the operation of a gun range based on trespass unless there is injury to a person or property.

As § 537.294 currently is written, Goerlitz, or any other citizen of this state for that matter, has virtually no protection from, nor remedies against, the owners or users of gun ranges in this state unless and until she or her property is actually struck by a bullet or otherwise suffers physical injury. This Court did not make this the law, but is obligated to enforce the law as duly enacted by the legislature.[3] Therefore, this Court must defer to the plain language of the statute, the time-honored principle of separation of powers and the recognition that policy decisions such as presented in this case are within the providence of the legislature.[4] Goerlitz fails to support a claim that she has been physically injured or that her property has suffered physical injury by ricocheting bullets. Her claim is, therefore, barred by the statute.[5]

## Conclusion

In light of the foregoing, the judgment entered by the circuit court is affirmed.

PRICE, C.J., TEITELMAN, RUSSELL, WOLFF, and BRECKENRIDGE, JJ., concur.

STITH, J., concurs in result in separate opinion filed.

LAURA DENVIR STITH, Judge, concurring in result.

I concur in so much of the principal opinion as holds that Kate Goerlitz is barred from suing for damages for trespass or nuisance. Section 537.294 clearly prohibits all actions in trespass or nuisance and applies here.

I disagree, however, that section 537.294 necessarily bars all injunctive relief against firearm ranges. I believe that it does not prohibit injunctive relief where the purpose of the injunction is not to bar a trespass or nuisance. As the principal opinion notes, injunctive relief is only a remedy: one also must plead a tort cause of action, other than trespass or nuisance, which may be remedied by the injunctive relief sought. Here, however, Ms. Goerlitz has pleaded only trespass and nuisance, claims the statute clearly bars. Accordingly, I concur in result.

Ms. Goerlitz lives in a home located in an unincorporated portion of Nodaway County. The city of Maryville owns and operates a firearm range on an adjacent piece of property that is located outside the city but is owned by it. The number of people using the range progressively has increased. According to Ms. Goerlitz's affidavit, filed below in opposition to sum-

3. This analysis would equally apply to *Brown v. Cedar Creek Rod & Gun Club*, 298 S.W.3d 14 (Mo.App.2009), which was remanded to the circuit court to "conduct such proceedings as necessary to determine whether and to what extent the permanent injunction shall remain in effect." *Id.* at 19.

4. The parties present no arguments regarding whether § 537.294 infringes on article I, section 14, of the Missouri Constitution (relating to open courts and "certain remedy afforded for every injury") or invades the judicial function so as to implicate the separation of powers provisions of article II, section 1 or article V, section 1. Further, an owner of real property has a number of rights that are associat-

ed with ownership. The parties have not addressed, nor does this Court, whether this statute constitutes a taking of one of those rights so as to entitle the owner to compensation pursuant to article I, section 26, of the Missouri Constitution.

5. While it will provide scant comfort to Goerlitz, in light of her unsupported complaint here that bullets are ricocheting onto her property, it would certainly behoove the City to make improvements to the shooting range, if necessary, to ensure that neither she nor anyone else is harmed. The City has certainly been placed on notice of a potentially dangerous condition. *See* § 537.600.

mary judgment, initially the firearm range was used by the Nodaway County sheriff's department for target practice. In recent years, employees of the department of corrections treatment center and personnel from campus safety at Northwest Missouri State University also have been permitted to use the firearm range.

On November 13, 2007, Ms. Goerlitz filed a petition in the circuit court. The petition generally averred that the firearm range subjected Ms. Goerlitz to "loud noise emissions that disturb the peace of [Ms. Goerlitz] and others." It further alleged that the range subjected Ms. Goerlitz and others to "danger from bullets which invade the air space of [Ms. Goerlitz] and others." Finally, the petition alleged pollution because the failure to pick up expended cartridges near the water surrounding the range "[p]oisons the environment by depositing large quantities of lead on land."

The petition sought damages for nuisance and negligence as well as injunctive relief, alleging irreparable harm by subjecting Ms. Goerlitz to, among other things, "danger from bullets which invade the air space of [Ms. Goerlitz] and others." In response to the city's motion for summary judgment, Ms. Goerlitz filed an affidavit that similarly stated that "stray bullets either by direct fire or ricochet escape from Defendant's Firearms Range unto Affiant's property. Affiant states that the last time she heard a bullet was ... (9 days ago)...."

Ms. Goerlitz argued that these facts precluded summary judgment because "bullets being fired from the firearm range, by either direct fire or ricochet, come onto or over Plaintiffs [sic] dwelling and occupied property." The trial court disagreed, entering summary judgment for the city under the newly amended version of section 537.294,[1] which had broadened legislative protection of such ranges so as to bar suits against them for nuisance or trespass and so as to prohibit injunctive relief based on those claims.

As amended in 2008 and currently in effect, section 537.294.2 states:

All owners and authorized users of firearm ranges *shall be immune* from any criminal and civil liability *arising out of or as a consequence of noise or sound emission* resulting from the use of any such firearm range. Owners and users of such firearm ranges shall not be subject to any civil action in tort or subject to any action for public or private nuisance or trespass and *no court in this state shall enjoin the use or operation of such firearm ranges on the basis of noise or sound emission* resulting from the use of any such firearm range. Any actions by a court in this state to enjoin the use or operation of such firearm ranges and any damages awarded or imposed by a court, or assessed by a jury, in this state against any owner or user of such firearm ranges for nuisance or trespass *are null and void.*

§ *537.294.2* (emphasis added).

As is evident, the amended statute purports to grant to firearm ranges sweeping protections from suits over noise or sound emissions. Owners of such ranges are given statutory immunity from civil or criminal liability for noise or sound emission, and they cannot be sued civilly for such emissions in trespass, nuisance or any other tort. Further, courts may not enjoin such noise or sound emission, and if they do, any such injunction is null and void.

The city and the principal opinion argue, however, that the amended statute goes even further. They believe the statute affirmatively prohibits a court from enjoin-

---

1. All statutory references are to RSMo Supp. 2009 unless otherwise indicated.

ing the city from allowing users of the range to discharge firearms from the city's property onto the property of others under any circumstances. Unless such shots actually physically injure persons or property off the firearm range, the city is free to use its property as it wishes.

I would not agree that the statute goes so far. By its terms, section 537.294 is aimed at protecting operators of firearms ranges from liability to neighbors for noise and sound, which are a natural complement to the operation of such ranges. Damages cannot be sought and injunctions cannot be issued to prevent such noise. But the statute only prohibits suit over the emission of noise and sound; *here, the allegation, yet to be proved, is that the range is emitting bullets.* If the statute were read as the city suggests, a court would be helpless to stop a person from purposely firing shots from the range at people outside the range; such a person repeatedly could endanger others, and until someone actually was hit,[2] a court could not enjoin the conduct, even if that conduct constituted an independent tort other than nuisance or trespass.

The statutory language must be read *in pari materia* with the language surrounding it. *S. Metro. Fire Prot. Dist. v. City of Lee's Summit,* 278 S.W.3d 659, 666 (Mo. banc 2009) ("In determining the intent and meaning of statutory language, the words must be considered in context . . . to arrive at the true meaning and scope of the words").

The first sentence of subsection 2 bars suit for noise or sound emanating from the range. The second sentence says that owners shall not be subject to suit in nuisance or trespass for such emanations of noise or sound and that an injunction against such noise or sound shall not issue. The final sentence, while not repeating the phrase "noise or sound" again, necessarily refers back to the previously referenced firearm ranges and previously barred damages or injunctive relief and says any injunctive relief given shall be null and void. The statute only could mean to render null and void injunctions that were issued in violation of its bar on injunctions of emanations of noise and sound.[3]

Where claims other than trespass or nuisance are brought, the statute, therefore, does not bar injunctive relief. Here, Ms. Goerlitz has alleged facts that arguably may constitute intentional or negligent infliction of emotional distress or battery rather than merely trespass or nuisance, for she alleges that the city

---

**2.** Section 537.294.4 states: "[N]otwithstanding any other provision of law to the contrary, nothing in this section shall be construed to limit civil liability for compensatory damage arising from physical injury to another human, physical injury to tangible personal property, or physical injury to fixtures or structures placed on real property." Of course, the fact that the statute permits recovery of damages for injuries to persons or property injured by emanations from the property—whether in the form of sound, vibrations, noises, or bullets or otherwise—does not address whether an injunction can issue to prohibit dangers to public safety that constitute other torts.

**3.** The principal opinion argues that this reading of the statute only could be correct if one

could sue for noise or sound emissions in trespass, but one cannot, the opinion says, because trespass requires a physical interference with property, so the statute must be referring to something else. But that is incorrect. Noise or sound emissions may physically interfere with property if they lead to vibrations on that property. *Clay v. Missouri Highway & Transp. Comm'n,* 951 S.W.2d 617, 623 (Mo.App.1997) (vibrations from blasting constituted trespass on neighboring land). Moreover, intangible interference, such as that caused by radioactive emissions, may constitute a trespass. *Maryland Heights Leasing, Inc. v. Mallinckrodt, Inc.,* 706 S.W.2d 218, 226 (Mo.App.1985).

knowingly permits users of the range to shoot in a manner that causes bullets to ricochet over her property, causing her to fear for her safety and causing her serious risk of injury. Despite these factual allegations, however, Ms. Goerlitz has asserted only claims for nuisance and trespass. Injunctive relief based on trespass and nuisance is barred. Accordingly, I concur in affirming the judgment.