In the Missouri Court of Appeals
 Western District

AMERICAN FAMILY MUTUAL )
INSURANCE COMPANY, S.I., )
 Respondent, ) WD83627
v. )
 )
DAVID BROWNING and KYLE ) FILED: February 16, 2021
HIMMELBERG, )
 Appellants. )

 APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
 THE HONORABLE DALE YOUNGS, JUDGE

 BEFORE DIVISION TWO: W. DOUG THOMSON, PRESIDING JUDGE,
 LISA WHITE HARDWICK AND EDWARD R. ARDINI, JR., JUDGES

 Kyle Himmelberg and David Browning (“Appellants”) appeal the circuit

court’s grant of summary judgment in favor of American Family Mutual Insurance

Company, S.I., (“American Family”) on American Family’s declaratory judgment

petition. The court determined that Browning was not entitled to the payment of

first aid expenses pursuant to the American Family automobile liability policy

under which Himmelberg was insured because Himmelberg did not “incur” any

first aid expenses for Browning. On appeal, Appellants contend that this

determination was erroneous because Himmelberg became legally liable for first

aid expenses when he caused Browning’s injuries. Appellants alternatively assert
that summary judgment cannot be affirmed on the basis that Browning’s

settlement offer did not comply with Section 537.058.1 For reasons explained

herein, we affirm.

 FACTUAL AND PROCEDURAL HISTORY

 The parties stipulated to the following facts. On November 16, 2017,

Browning was driving in Jackson County when he lost control of his vehicle after

taking evasive maneuvers to avoid contact with Himmelberg’s vehicle.

Browning’s vehicle rolled four times, and he suffered personal injuries.

 Browning received emergency medical treatment on the day of the collision

from licensed medical professionals acting in the course and scope of their

employment at the scene, in an ambulance, and at the emergency room. The

emergency medical treatment that Browning received on the day of the accident

was necessary to stabilize his injuries and prevent further injury. The medical

professionals billed for their emergency medical treatment. Himmelberg did not

personally provide or administer first aid to Browning following the collision.

 The declarations page of the American Family policy under which

Himmelberg and his vehicle were insured provided bodily injury liability coverage

with limits of $50,000 per person. The insuring agreement of the policy’s liability

coverage part stated, in pertinent part:

 Subject to the provisions contained within your Family Car Policy and
 as amended by any endorsement, [American Family] will pay

1
 All statutory references are to the Revised Statutes of Missouri 2016, as updated by the 2020
Cumulative Supplement.

 2
 compensatory damages an insured person is legally liable for
 because of bodily injury or property damage as a result of an auto
 accident . . . due to the ownership, maintenance or use of your
 insured car.

The policy stated that “the bodily injury liability limit for ‘each person’ is the

maximum for all damages sustained by all persons as the result of bodily injury to

one person in any one occurrence.” In a section titled, “Additional Payments,”

the policy further provided that American Family “will pay, in addition to [its] limit

of liability . . . expenses incurred by an insured person for first aid to others at the

time of an auto accident involving your insured car.”

 In a letter to American Family dated February 27, 2018, Browning extended

a settlement offer in which he agreed “to unconditionally release Kyle

Himmelberg from all present and future liability under RSMo. § 537.058 for his

personal injury claims in exchange for all applicable policy limits and payments.”

Browning stated that he made “this offer under RSMo. § 537.058 and intends this

offer to comply with that section.” In response, American Family sent a letter

stating that it was “meeting the demand of all applicable policy limits which [are]

$50,000 for this claim.” Browning’s counsel replied that American Family’s

response “did not include the first aid as set forth in the policy” and that he would

“present [American Family’s] counteroffer to [his] client.”

 The parties then agreed that American Family would file a declaratory

judgment action to determine whether Browning was entitled to more than the

$50,000 bodily injury limits of the policy. In its petition, American Family sought

 3
two alternative declarations: (1) Browning’s time-limited demand under Section

537.058 did not include first aid expenses allegedly incurred by Himmelberg and,

therefore, American Family did not owe a duty to pay first aid coverage in

response to Browning’s demand; or (2) Himmelberg did not incur any expenses

for first aid to Browning and, therefore, American Family did not owe a duty to

pay first aid coverage in response to Browning’s demand.

 Both parties filed motions for summary judgment on these stipulated facts.

The court granted summary judgment in favor of American Family. In its

judgment, the court concluded that, using the customary definition of the word

“incurred” in the context of the policy’s other provisions, Himmelberg did not

incur any expenses for first aid for Browning, no matter how the phrase “first aid”

was defined. The court declined to address the parties’ arguments regarding the

type of treatment to which the phrase “first aid” applied and American Family’s

request for a declaration that Browning’s demand under Section 537.058 did not

include first aid expenses allegedly incurred by Himmelberg. Appellants appeal.

 STANDARD OF REVIEW

 Appellate review of summary judgment is essentially de novo. Goerlitz v.

City of Maryville, 333 S.W.3d 450, 452 (Mo. banc 2011). Summary judgment is

appropriate where there are no genuine issues of material fact and the moving

party is entitled to judgment as a matter of law. Id. We may affirm the circuit

court's grant of summary judgment under any theory that is supported by the

 4
record. Renaissance Leasing, LLC v. Vermeer Mfg. Co., 322 S.W.3d 112, 120 (Mo.

banc 2010).

 ANALYSIS

 Because it is dispositive, we will address only Appellants’ Point II.2 In this

point, Appellants contend that the circuit court’s summary judgment should not

be affirmed on the alternative basis that Browning’s settlement demand did not

comply with Section 537.058 and, therefore, American Family had no duty to pay

first aid expenses in response to his demand. Appellants argue that, in

Browning’s settlement offer, he was entitled to request payment of his first aid

expenses in addition to the applicable policy limits. We need not decide whether

Browning was entitled to request payment of his first aid expenses because he did

not, in fact, request payment of his first aid expenses in his demand letter.

 In Browning’s demand letter to American Family, he stated that he was

making his demand pursuant to Section 537.058. Section 537.058 sets forth the

procedure and requirements for a “time-limited demand,” which the statute

defines as:

 [A]ny offer to settle any claim for personal injury, bodily injury, or
 wrongful death made by or on behalf of a claimant to a tort-feasor
 with a liability insurance policy for purposes of settling a claim
 against such tort-feasor within the insurer’s limit of liability

2
 Appellants raise two arguments on appeal. In Point I, Appellants contend the circuit erred in
granting summary judgment to American Family on the basis that the insurance policy’s first aid
provision only required the reimbursement of first aid expenses incurred by the insured,
Himmelberg. Appellants argue that the provision is subject to multiple interpretations and could
be reasonably construed as requiring American Family to pay any expenses for emergency
medical treatment for which Himmelberg, as the insured, became legally liable to pay for causing
the injuries that necessitated the treatment.

 5
 insurance, which by its terms must be accepted within a specified
 period of time[.]

§ 537.058.1(2). A time-limited demand must be made in writing, reference Section

537.058, and be sent by certified mail to the tort-feasor’s liability insurer. §

537.058.2. A time-limited demand must contain the following “material” terms:

 (1) The time period within which the offer shall remain open for
 acceptance by the tort-feasor's liability insurer, which shall not be
 less than ninety days from the date such demand is received by the
 liability insurer;

 (2) The amount of monetary payment requested or a request for the
 applicable policy limits;

 (3) The date and location of the loss;

 (4) The claim number, if known;

 (5) A description of all known injuries sustained by the claimant;

 (6) The party or parties to be released if such time-limited demand is
 accepted;

 (7) A description of the claims to be released if such time-limited
 demand is accepted; and

 (8) An offer of unconditional release for the liability insurer's insureds
 from all present and future liability for that occurrence under section
 537.060.

Id. Browning’s demand, which he stated would expire 91 days from the date that

American Family’s representative signed the return receipt, provided that he

would unconditionally release Himmelberg from all present and future liability for

 6
his personal injury claims “in exchange for all applicable policy limits and

payments.” American Family responded to Browning’s demand by agreeing to

pay Himmelberg’s policy limits of $50,000. Appellants argue that Browning’s

inclusion of “and payments” in his settlement offer constituted a demand that, in

addition to paying the policy limits, American Family pay his first aid expenses

under the “Additional Payments” section of Himmelberg’s policy. We disagree.

 First, Browning did not state in his demand letter that the “payments” to

which he was referring were payments for his first aid expenses that Himmelberg

allegedly incurred at the time of the accident. In fact, he did not even mention the

words “first aid” or inform American Family that he had received first aid

treatment and had first aid expenses.3 There is nothing in Browning’s letter

indicating to American Family that his demand included a request for the payment

of his first aid expenses.

 Second, Section 537.058.2(2) provides that a time-limited demand must

state “[t]he amount of monetary payment requested or a request for the

applicable policy limits.” In interpreting a statute, our “role is to ascertain the

intent of the legislature from the language used and to consider the words used in

their ordinary meaning.” Macon Cty. Emergency Servs. Bd. v. Macon Cty.

Comm’n, 485 S.W.3d 353, 355 (Mo. banc 2016). Courts have long interpreted the

term “policy limits” to refer to the limits stated on the policy’s declarations page.

3
 While Browning did list in his demand letter the names and addresses of healthcare providers
who treated him for his injuries from the accident, as Section 537.058.3(1) required him to do, he
did not indicate that any of them provided him with first aid treatment.

 7
See, e.g., Levin v. State Farm Mut. Auto. Ins. Co., 510 S.W.2d 455, 458-59 (Mo.

banc 1974). When the legislature enacts a statute containing terms that have

judicial meaning attached to them, we presume that the legislature acted with

knowledge of that judicial meaning. Cook Tractor Co. v. Dir. of Revenue, 187

S.W.3d 870, 873 (Mo. banc 2006). Hence, the language of Section 537.058.2(2)

requires that the time-limited demand request a specific, identifiable sum—either

an “amount of monetary payment” or the “applicable policy limits.” The only

identifiable sum Browning requested was the applicable policy limits. The statute

is clear that, if Browning was seeking an amount of money other than the policy

limits, his request needed to state that amount.4

 Browning chose to make a time-limited demand pursuant to Section

537.058; thus, he had to comply with its provisions, including Section

537.058.2(2)’s requirement that his request be for an identifiable sum. His

contention that his request for “payments” complied with this requirement and

triggered American Family’s obligation under Section 537.058.4 to choose

whether to accept his demand to pay an unknown amount for unmentioned first

aid expenses is simply not tenable. American Family was entitled to a declaration

that Browning’s time-limited demand under Section 537.058 did not include first

aid expenses allegedly incurred by Himmelberg and, therefore, American Family

did not owe a duty to pay first aid coverage in response to Browning’s demand.

4
 Again, we express no opinion on whether Section 537.058 allowed Browning to request that
American Family pay both the applicable policy limits and a specific amount for first aid expenses
Himmelberg allegedly incurred at the time of the accident.

 8
Consequently, we affirm the circuit court’s grant of summary judgment in favor of

American Family on this alternative basis. Point II is denied, and Point I is denied

as moot.

 CONCLUSION

 The judgment is affirmed.

 ____________________________________
 Lisa White Hardwick, Judge

All Concur.

 9