In the Missouri Court of Appeals
 Eastern District
 DIVISION TWO

PATRICIA NOELKE, ) No. ED109295
 )
 Appellant, ) Appeal from the Circuit Court
 ) of Franklin County
v. ) Cause No. 19AB-CC00257
 )
HEARTLAND INDEPENDENT )
LIVING CENTER, ) Honorable Craig E. Hellmann
 )
 Respondent. ) Filed: October 5, 2021

 Introduction

 Patricia Noelke (Noelke), a paraplegic who has no sensation from the waist down, was

scalded by a home health aide while the aide was helping Noelke shower at her home, causing

severe burn injuries. The trial court granted summary judgment in favor of the employer of the

home health aide, Heartland Independent Living Center (Heartland), finding Noelke’s petition was

barred by the two-year statute of limitations in Section 516.105, RSMo. Supp. 2017. Because we

find Section 516.105 is not applicable under the circumstances of this case, we reverse for further

proceedings in accordance with this opinion.

 Background

 Noelke has spina bifida and is paraplegic with no sensation from the waist down. She

receives in-home services from the Missouri Department of Health and Senior Services (DHSS)
to assist with daily tasks. Heartland contracts with DHSS to provide such in-home services.

Specifically, Heartland provided Noelke with the following services in her home: bathing,

changing linens, meals and dishes, house cleaning, dressing and grooming, laundry, trash removal,

and toileting.

 On December 4, 2017, a home health aide employed by Heartland was helping Noelke take

a shower. The aide did not test the water temperature before spraying Noelke’s lower extremities

with scalding hot water, which caused second and third-degree burns. The aide wrapped Noelke’s

legs with gauze bandages, but did not provide or otherwise secure medical assistance for Noelke.

As a result of the burns, Noelke suffered severe and permanent injuries that required skin grafting

and debridement surgeries.

 On December 5, 2019, Noelke filed a petition for damages against Heartland under the

theories of respondeat superior negligence and negligence. Heartland asserted as an affirmative

defense that Noelke’s petition—which was filed two years and one day after the date of injury—

was barred under the two-year statute of limitations set forth in Section 516.105. Section 516.105

applies to actions against entities providing health care services and their employees for

malpractice, negligence, error, or mistake related to health care. Heartland argued that although

Noelke had framed her petition as one for ordinary negligence, it was in fact a claim for medical

malpractice.

 Heartland subsequently filed a motion for summary judgment on these same grounds. It

asserted Section 516.105’s two-year statute of limitations applied because Heartland was an entity

that provided personal care services pursuant to a contract with DHSS (vendor contract) and it had

been providing health care services to Noelke at the time of her injury. Heartland further argued

 2
the requirements in its vendor contract mandating that Heartland comply with certain regulations

established Heartland as an entity regulated by the State of Missouri.

 In response to Heartland’s Statement of Uncontroverted Material Facts, Noelke admitted

that Heartland had a vendor contract with DHSS that required it to comply with certain DHSS

terms, conditions, policies, and procedures, including that Heartland deliver its services in

accordance with certain state regulations and laws, but Noelke denied the materiality of these facts.

The trial court granted Heartland’s motion for summary judgment. 1 This appeal follows.

 Standard of Review

 The correctness of a trial court’s grant of summary judgment is purely an issue of law, and

thus our review is essentially de novo. See Goerlitz v. City of Maryland, 333 S.W.3d 450, 452

(Mo. banc 2011). To be entitled to summary judgment, the moving party must show there are no

genuine issues of material fact and, based on those undisputed facts, the moving party is entitled

to judgment as a matter of law. Mo. R. Civ. P. 74.04(c)(6); 2 Xiaoyan Gu v. Da Hua Hu, 447

S.W.3d 680, 685 (Mo. App. E.D. 2014). A defendant’s claim that the action is barred by the statute

of limitations is an affirmative defense, and a defendant who moves for summary judgment on that

basis has the burden to show the statute of limitations bars the plaintiff’s claims. Rule 55.08;

Powel v. Chaminade College Preparatory, Inc., 197 S.W.3d 576, 580 (Mo. banc 2006). We

consider the record in the light most favorable to the party against whom judgment was entered,

and we give the non-moving party the benefit of all reasonable inferences from the record.

Goerlitz, 333 S.W.3d at 453 (citation omitted).

 Discussion

1
 The trial court initially entered an order granting summary judgment in favor of Heartland. Upon a joint motion by
the parties, the trial court converted its order into a judgment.
2
 All rule references are to the Missouri Rules of Civil Procedure (2019), unless otherwise indicated.

 3
 Noelke raises three points on appeal, but the first point is dispositive. In her first point on

appeal, Noelke argues the trial court erred in granting summary judgment in favor of Heartland

because Heartland failed to establish it was entitled to judgment as a matter of law under Section

516.105’s two-year statute of limitations, in that Heartland failed to establish that it was an entity

that provided health care services or that its employee was performing a health care-related service

at the time of Noelke’s injuries. We agree.

 Section 516.105 provides that actions against the following defendants must be filed within

two years:

 All actions against physicians, hospitals, dentists, registered or licensed
 practical nurses, optometrists, podiatrist, pharmacists, chiropractors,
 professional physical therapists, mental health professionals licensed under
 chapter 337, and any other entity providing health care services and all
 employees of any of the foregoing acting in the course and scope of their
 employment, for damages for malpractice, negligence, error or mistake related
 to health care.

Heartland does not claim to offer one of the listed professional services but argues it falls into the

last category of an “entity providing health care services.” Applying the language of Section

516.105, to be entitled to summary judgment as a matter of law on its theory that Noelke’s petition

was barred by the two-year statute of limitations in Section 516.105, Heartland had the burden to

prove both that it was an entity providing health care services and that the malpractice, negligence,

error, or mistake Noelke complained of was related to health care. See Powel, 197 S.W.3d at 580

(party moving for summary judgment on basis of statute of limitations has burden of proof). 3

3
 Heartland argues on appeal Noelke failed to articulate below that Heartland was not a health care provider, and thus
this issue is not preserved for appellate review. However, our review is de novo. Because it was Heartland’s burden
to prove it was entitled to summary judgment on its affirmative defense that Noelke’s claim was barred by Section
516.105’s statute of limitations, it is necessary that we review whether Heartland was a health care provider in order
to determine whether the trial court erred in granting summary judgment.

 4
 We first consider whether Heartland was an entity providing health care services. Chapter

516 does not include definitions for the terms “health care” or “provider of health care services”

and thus for guidance in understanding and applying these terms, this Court has previously looked

to the definitions provided in chapter 538, which regulates tort actions relating to health care. See

Payne v. Mudd, 126 S.W.3d 787, 789 (Mo. App. E.D. 2004); Stalcup v. Orthotic & Prosthetic Lab,

Inc., 989 S.W.2d 654, 660 (Mo. App. E.D. 1999); see also Union Elec. Co. v. Dir. of Revenue,

425 S.W.3d 118, 122 (Mo. banc 2014) (courts interpret meaning of statute in pari materia with

other statues dealing with same or similar subject matter). Section 538.205 defines a health care

provider as follows:

 [A]ny physician, hospital, health maintenance organization, ambulatory
 surgical center, long-term care facility including those licensed under chapter
 198, dentist, registered or licensed practical nurse, optometrist, podiatrist,
 pharmacist, chiropractor, professional physical therapist, psychologist,
 physician-in-training, and any other person or entity that provides health care
 services under the authority of a license or certificate.

Section 538.205(6), RSMo. Supp. 2017 (emphasis added).

 Two cases guide this Court when applying Section 516.105’s two-year statute of

limitations. In Stalcup v. Orthotic & Prosthetic Lab, this Court found the plaintiff’s claim for

damages against Orthotic & Prosthetic Lab (Lab) stemming from the negligent fitting and

manufacture of a prosthetic limb was not barred by Section 516.105’s two-year statute of

limitations because Lab did not meet the definition of a health care provider under Section 538.205.

989 S.W.2d at 656, 660. This Court concluded that because Lab did not provide its services under

a license or certificate granted by the state or federal government, Lab was not a health care

provider. Id. at 660. By contrast, in Payne v. Mudd, this Court found the plaintiff’s claim for

damages against Mudd and his employer stemming from the alleged negligent creation of a mold

for a hearing device was barred by Section 516.105’s two-year statute of limitations because Mudd

 5
met the definition of a health care provider under Section 538.205. 126 S.W.3d at 788-90. There,

this Court found Mudd was a health care provider because he was licensed by the state as a hearing-

instrument specialist. The Court further noted that licensing was required for his profession under

chapter 346.

 Here, Heartland did not establish it was an entity that provides health care services, as is

necessary for application of Section 516.105’s time limit. Section 538.205(6) states that to be a

health care provider, the provider either must belong to one of the enumerated professions or must

provide its services under the authority of a license or certificate. Heartland provides in-home

personal care services pursuant to a vendor contract with the DHSS under the auspices of Section

208.152(15), the Missouri HealthNet program. In-home personal care service is not one of the

enumerated professions in Section 538.205(6). Moreover, providers of in-home personal care

services are not required to have a license or certificate to operate, and Heartland did not produce

evidence here that it provided its services under a license or certificate from the state or federal

government. Under these facts, Heartland does not meet the definition for health care provider

applying the plain language of Section 538.205(6).

 Heartland nevertheless argues it qualified as a health care provider, despite not operating

under the authority of a license or certificate, because it was regulated by the state, in that its vendor

contract with DHSS dictated it must comply with certain provisions of Missouri regulations. 4 We

disagree. Contrary to Heartland’s arguments on appeal, neither Stalcup nor Payne expanded the

definition of health care provider in Section 538.205 to hold that any person or entity that provides

4
 These regulations include Mo. Code Regs. tit. 13 § 70-3.020 through § 70-3.150 (DHSS MoHealthNet Division:
Conditions of Provider Participation, Reimbursement, and Procedure of General Applicability), Mo. Code Regs. tit.
13 § 70-91.010 (DHSS Personal Care Program), and Mo. Code Regs. tit. 19 § 15-7.021 (DHSS Service Standards).

 6
health care services pursuant to any state regulation is a health care provider. 5 While Stalcup

introduced the language “regulated by the state” in its analysis of whether Lab was a health care

provider, the context clarifies its meaning. In full, Stalcup stated, “Lab is not licensed by the state

or federal governments while the ‘health care providers’ enumerated in section 538.205(4) 6 are

professions regulated by our state.” Stalcup, 989 S.W.2d at 660. This language merely equates

state regulation with a licensing requirement, and it does not expand the definition of health care

provider to encompass all types of state regulation. Similarly, Payne clarifies that when the person

or entity providing health care services belongs to a profession that requires a license, then that

person or entity is providing those services under authority of a license, such that meets the

definition of health care provider. See Payne, 126 S.W.3d at 790; see also Section 538.205(6).

Both Stalcup and Payne apply the plain language of Section 538.205(6). We, likewise, apply the

plain language of Section 538.205(6), and see no ambiguity in its terms that would allow this Court

to expand its meaning beyond the words used. See Harpagon MO, LLC v. Bosch, 370 S.W.3d

579, 583 (Mo. banc 2012) (court’s primary rule of statutory interpretation is to give effect to

legislative intent as reflected in plain language of statute).

 Last, even though Heartland produced evidence that its employee who scalded Noelke was

a certified nurse’s aide, that employee’s certification is irrelevant to Heartland’s status as an entity

providing health care services. Only Heartland, not the individual employee, was named as a

defendant in the lawsuit, and thus only Heartland’s status as a health care provider determines the

applicable statute of limitations. Moreover, courts do not consider the certifications of the

5
 Thus, Noelke’s admission that Heartland was subject to state regulation under its vendor contract with DHSS does
not affect our analysis of whether Heartland met the statutory definition of a health care provider.
6
 Stalcup v. Orthotic & Prosthetic Lab, Inc., 989 S.W.2d 654 (Mo. App. E.D. 1999), addressed an earlier version of
the statute. The wording of the statute in effect in 1999 was identical to the one in effect in 2017, but it appeared in
subsection (4). Section 538.205(4), RSMo. 1997.

 7
individual employees in determining whether the employer meets the definition of a health care

provider. See Stalcup, 989 S.W.2d at 656, 660 (even though employee who performed the fitting

was certified prosthetist, because Lab did not meet definition of health care provider, Section

516.105’s two-year statute of limitations was not applicable).

 Because we find that Heartland is not a health care provider, it is not necessary to reach the

second prong of Section 516.105: namely, whether the negligence Noelke complained of was

related to health care. We find that Section 516.105’s two-year statute of limitations was not

applicable here, and, rather, the five-year statute of limitations set forth in Section 516.120(4),

RSMo. Supp. 2017, applied. Noelke here filed her petition for negligence within five years, and

thus her petition is not time barred.

 Point granted.

 Conclusion

 We reverse the judgment of the trial court granting summary judgment in favor of

Heartland, and we remand for further proceedings in accordance with this opinion.

 Gary M. Gaertner, Jr., Judge

Robert M. Clayton III, Presiding Judge, and
Thom C. Clark, Judge, concur.

 8